## EMMA DORRANCE v. JOHN DORRANCE, Appellant.

### In Banc, April 2, 1914.

1. **FRAUDULENT DIVORCE: Equitable Relief: Unconstitutional Statute.** The Constitution has expressly conferred equitable powers on the courts and vests the circuit courts with original jurisdiction in all civil cases not otherwise provided for; and if Sec. 2381, R. S. 1909, forbidding a petition for the review of a judgment for divorce, was intended to prohibit a court of equity from setting aside a decree obtained by positive frauds upon the circuit court granting it, it is unconstitutional, in that it would be an unreasonable attempt to shear the courts of their constitutional powers.

2. **————: Suit to Annul: And for Maintenance: Misjoinder of Causes.** An objection that separate causes of action have been improperly joined in the one petition should be raised either by demurrer or answer, and cannot be raised for the first time on appeal. So that where a wife brings suit to have a judgment for divorce set aside on the ground that it was obtained by fraud, an objection, made for the first time on appeal, that the trial court possessed no jurisdiction of a second count in the petition asking for an allowance for maintenance, for the reason that a statutory action for maintenance cannot be intermingled or joined with an equitable action to set aside a judgment for divorce fraudulently obtained, must be considered waived. Jurisdiction of equitable actions is expressly conferred upon circuit courts by both the Code and the Constitution, and jurisdiction of an action of a married woman for

maintenance is expressly conferred on such courts by statute;. and the statutes provide that an objection that several causes of action have been improperly united in the petition shall be raised either by demurrer or answer, and if not so raised shall be deemed waived.

3. ————: **Maintenance of Wife Ad Interim.** Where the circuit court has set aside a judgment for divorce obtained by a. husband against his wife and restored her to all the marital rights which she enjoyed before such divorce was granted,. the court has power to grant her an allowance for mainte- nance between the time the fraudulent divorce..was obtained and the time it was set aside, upon a timely application there- for.    Such an allowance will not be denied on the ground that between such dates she was not his wife.

4. ————: **Allowance of Attorney's Fee for Prosecuting Suit to Annul.** The circuit court may properly allow to the wife at- torney's fee for services rendered by such attorney in prose- cuting her suit to annul the judgment for divorce obtained by her husband's fraud, on the ground that, both by statute and the common law, the husband is compelled to pay for the necessaries of the wife. ·

5. ————: **Allowance of Attorney's Fee for Suit for Maintenance.** And likewise the circuit court may allow to the wife an at- torney's fee for services rendered by the attorney for prose- cuting an allowance for the maintenance of the deserted wife between the time a divorce was fraudulently obtained by her husband and the date such fraudulent judgment was set aside, on the ground that the unlawful conduct of the husband has rendered necessary an action for her separate support. But that holding is not to be understood.as referring to an allow- ance of suit money *pendente lite* in an action by the wife for maintenance.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*C. Orrick Bishop* and *Gerson B. Silverman* for appellant.

(1)   By Sec. 2380, R. S. 1909, appeals in divorce suits must be allowed at the term in which the judg- ment or decree appealed from, was rendered, or a writ

of error must be sued out within sixty days after the rendition of the judgment. Section 2381 is as follows: "No petition for review of any judgment for divorce, rendered in any case arising under this chapter, shall be allowed, any law or statute to the contrary notwithstanding." The amended petition upon which the judgment of the lower court is supported, is a bill of review; the statute is clear and emphatic; the courts are powerless to legislate an exception into it. In the light of the dissenting opinion by WOODSON, J., in Dorrance v. Dorrance, 242 Mo. 666, and the authorities therein cited, the per curiam opinion then rendered ought now be overruled, and the Supreme Court in this proceeding can correct the error that it committed in that decision. Salisbury v. Salisbury, 92 Mo. 683. (2) The court had no jurisdiction over the subject-matter alleged in the second count of plaintiff's amended petition. The court had no power, right, or jurisdiction to hear any evidence at all upon the second count of plaintiff's amended petition, or determine any alleged wife abandonment and failure to support. The foundation and the jurisdiction given to the court for the enforcement of Sec. 8295, R. S. 1909, is that the plaintiff, at the institution of the suit and at the trial of the cause under the second count of the petition, must be the wife of the defendant. The entire record of this case, up to the 20th day of December, 1912, up to the date of the trial of this case, shows that the efforts made in the circuit court and then in the Supreme Court by way of obtaining evidence, and by way of legal services rendered, and the Supreme Court's decision itself, in 242 Mo. 625, shows beyond any question at all, that the only matter considered, fought for, and finally determined up to the date of the trial of and the judgment rendered was the sole question in equity of setting aside the alleged fraudulently procured judgment for divorce, and previous to said trial the matters contained in the second count of the amended pe-

tition as to the question of abandonment and refusal to support was not even mentioned by way of record, or by any of the attorneys in the cause. The final judgment rendered in the divorce proceeding is not open to inquiry in a collateral proceeding, and such judgment cannot be impeached or attacked collaterally by a party to the judgment. Johnson v. Stebbins, 167 Mo. 325; Bedford v. Sykes, 168 Mo. 8. The want of jurisdiction over the subject matter of an action may be taken advantage of at any time. Henderson v. Henderson, 55 Mo. 534; State v. Railroad, 187 Mo. 439; Thomas v. Mercantile Co., 114 Mo. App. 109. Want of jurisdiction of the subject matter cannot be waived. Graves v. McHugh, 55 Mo. 499; Davis v. Jacksonville, 126 Mo. 69. Te entitle the plaintiff to separate maintenance she must be the valid wife. Pyatt v. Pyatt, 90 Ill. App. 210. If a husband deserts his wife without justifiable cause and fails to support her, it shall be the duty of the court to award her maintenance as long as the desertion continues. "It is beyond the power of the court to commingle the two causes of action." Sharpe v. Sharpe, 134 Mo. App. 281.

*Loomis C. Johnson* and *Horace H. Blanton* for respondent.

(1) This court reversed the judgment of the circuit court, sustaining a general demurrer to plaintiff's petition, which contained two counts; and that decision is *res adjudicata* as to all matters contained in that petition. Dorrance v. Dorrance, 242 Mo. 625; Story's Eq. Pl. (9 Ed.), sec. 446, p. 375; Johnson v. United Railways, 243 Mo. 278; Ins. Co. v. Smith, 117 Mo. 296; Spratt v. Earley, 199 Mo. 502; Chapman v. Railroad, 146 Mo. 494; Gwin v. Waggoner, 116 Mo. 151; Ables v. Ackley, 133 Mo. App. 600; Fisher v. Patton, 134 Mo. 51. (2) The court had the inherent power under its equity jurisdiction as well as under Sec. 8295, R. S. 1909, to adjudge and decree to plaintiff support and maintenance

and attorney's fees. 2 Story's Eq. Jur. (13 Ed.), p. 757, sec. 1423a; 2 Am. & Eng. Ency. of Law (2 Ed.), p. 99; 9 Ib., pp. 739, 740; Wyrick v Wyrick, 162 Mo. App. 732; Hedrick v. Hedrick, 157 Mo. App. 636; Behrle v. Behrle, 120 Mo. App. 680; Harding v. Harding, 144 Ill. 597; Johnson v. Johnson, 125 Ill. 510; Long v. Long, 78 Mo. App. 32; Cochran v. Cochran, 42 Neb. 612; Smithson v. Smithson, 37 Neb. 535; Shrader v. Shrader, 36 Fla., 515; Mitchell v. Mitchell, 72 Pac. 1054; Pickel v. Pickel, 243 Mo. 641; Daniels v. Daniels, 10 Pac. 668; Stewart v. Stewart, 141 S. W. (Ark.), 193. (3) The marital relation or the rights growing out of that relation is the subject of this action, and the count to set aside the decree of divorce for fraud and the count for support and maintenance were properly joined. Sec. 1795, R. S. 1909; Bliss on Code Pleading (2 Ed.), secs. 125, 126; Morrison v. Herrington, 120 Mo. 668; Henderson v. Dickey, 50 Mo. 161; Ziedeman v. Molosky, 118 Mo. App. 106; Burnside v. Weyman, 49 Mo. 358; Baker v. Daniel, 178 Mo. 447; Shinn v. Guyton, 109 Mo. App. 557; McHovey v. Ins. Co., 44 Mo. App. 428; Blair v. Railroad, 89 Mo. 394; Courtney v. Blackwell, 150 Mo. 245; Duvall v. Tinsley, 54 Mo. 93; Lane v. Dowd, 172 Mo. 174; Jewett v. Railroad, 45 Mo. App. 58; Hamlin v. Tucker, 72 N. C. 502.

BROWN, J.—Action to set aside divorce and for maintenance and suit money. From a decree for plaintiff defendant appeals.

Plaintiff's amended petition, upon which the trial below was had, charges that on May 25, 1906, she was the lawful wife of defendant; that on said last named date defendant instituted a suit against her for divorce in the circuit court of St. Louis city; that defendant fraudulently induced said circuit court to assume jurisdiction of said suit by falsely alleging in his petition that he was a resident of St. Louis City, when, in truth

257 Mo. 21

and in fact, he was at that time a resident of Chariton county, Missouri.

That at the time said action for divorce was instituted by defendant he well knew that plaintiff was a resident of Kansas City, Missouri, and could be served in said city with a summons; that for the purpose of fraudulently procuring a divorce from the plaintiff without her knowledge, defendant made and attached to said petition for divorce an affidavit falsely alleging and reciting "that this plaintiff had absconded from her usual place of abode, and that although said John Dorrance had diligently sought to locate her he was unable to do so or to learn her whereabouts, and that this plaintiff had concealed herself so that the ordinary process of law could not be served upon her in this State, and praying, therefore, an order of said court that notice of said suit be given by publication." That upon such false allegations in said petition, and the affidavit attached thereto, defendant fraudulently caused and induced the circuit court of said city of St. Louis to issue an order of publication whereby said court attempted to obtain juisdiction of plaintiff. That by reason of said fraudulent acts of plaintiff in bringing said suit for divorce in a county where he did not reside, and by serving her with publication when her address and whereabouts in this State were personally known to said defendant, she obtained no knowledge of the pendency of said action and made no defense thereto.

That on November 9, 1906, defendant, by certain false and perjured evidence, induced the circuit court of St. Louis City to grant to him a divorce from plaintiff on grounds which had no existence in fact, which said divorce was obtained at an *ex parte* hearing without any knowledge on the part of plaintiff that said suit had been instituted. Wherefore, plaintiff prayed that, on account of the aforesaid fraudulent acts of defendant, said judgment of divorce be set aside, and that

plaintiff be restored to the marital rights which existed between her and defendant before said judgment was entered.

A second count in plaintiff's petition charges, defendant with living in open adultery with a negro woman and other gross violations of his marital obligations, whereby it was rendered impossible for plaintiff and defendant to live together in the future as man and wife. Wherefore, plaintiff prayed that defendant be required and adjudged to pay to her a reasonable attorney's fee for prosecuting this action; a reasonable allowance for her support, and a reasonable sum for her support during the pendency of this action.

To this petition defendant interposed a general demurrer, which was by the trial court sustained, and plaintiff declining to plead further, a final judgment was rendered against her, from which she appealed to this court. Upon a hearing of her appeal by this court the judgment of the circuit court of St. Louis City was reversed, and the cause remanded. See Dorrance v. Dorrance, 242 Mo. 625, where the allegations of plaintiff's petition are more fully recited.

When the cause was remanded to the circuit court, the defendant filed a general denial, but did not, either by demurrer or answer, allege that there was a misjoinder of causes of action in plaintiff's petition.

Upon a re-trial of this cause in the circuit court of St. Louis City on December 20, 1912, that court made a finding in favor of plaintiff on the first count of her petition, and set aside the divorce and adjudged the defendant to pay the plaintiff $7500 for her attorney's fees in prosecuting this cause. On the second count of her petition the finding was for defendant, and it was adjudged that said second count be dismissed without prejudice.

On the 31st day of December, 1912, during the same term at which the decree of December 20, 1912, was entered, the plaintiff filed her motion to modify the

judgment, by which the second count of her petition was dismissed and to allow her on said second count $6000, being the amount expended for her support and expenses incurred in prosecuting this cause, and $2500 per annum for her permanent separate support and maintenance. On January 31, 1913, being a part of the same December term, the plaintiff's motion to modify coming on to be heard, and both parties appearing, the court set aside and vacated its judgment of December 20, 1912, and the cause was again submitted upon the pleadings and evidence theretofore adduced. The court thereupon found in favor of the plaintiff on both counts of her petition.

On the first count the court set aside the decree of divorce, as prayed, and restored plaintiff to all her marital rights as the wife of defendant. And on the second count in her petition the court, of its own motion, awarded her $7500 attorney's fees incurred in bringing and prosecuting this action; and also awarded her $6000 for her support and maintenance since the 25th day of May, 1906, and a further allowance of $2500 per annum for her future support and maintenance, which latter amount the court decreed should be paid in monthly instalments on the 15th day of each month, beginning on the 15th day of February, 1913; and retained jurisdiction of the cause for the entry of such further orders touching the allowance of maintenance and suit money as may hereafter be deemed proper.

From this last mentioned, or modified, judgment, the defendant appealed and, without bringing up the evidence upon which the judgment is predicated, asserts (1) that we should upon the record proper reconsider and reverse the rule and decision announced by this court when the cause was here upon the first appeal; (2) that plaintiff is not entitled to any of the relief granted to her under the second count of her petition, because an action for maintenance cannot be coupled with an action for equitable relief; (3) that as

plaintiff was not the wife of defendant between November 9, 1906, and January 31, 1913 (while the decree of divorce was in force) no allowance can be made for her support during that period of time; and (4) that there is no law to support plaintiff's allowance for attorney's fees.

I. We decline to recede from the rules of law announced in our majority opinion when this case was here upon the first appeal. [242 Mo. 625.]

Relief Against Fraudulent Divorce.

If section 2381, Revised Statutes 1909, forbidding a petition for the review of a judgment for divorce, is intended to prohibit relief in equity against such frauds as were perpetrated upon the circuit court and upon the plaintiff in obtaining the divorce granted to defendant, then clearly such section is unconstitutional. The power of courts to grant equitable relief against frauds is as firmly interwoven in our system of jurisprudence as the power to grant relief at law.

The people having expressly conferred equitable powers upon the courts of this State by the very Constitution which calls such courts into existence (Sec. 1, art. 6, Constitution of Missouri), the General Assembly cannot withdraw or unreasonably restrict such powers without violating the organic law.

Section 22, article 6, Constitution of Missouri, vests the circuit courts with original jurisdiction in all civil cases not otherwise provided for. In the face of the foregoing constitutional powers, for the General Assembly to undertake to nail up the doors of the courts of equity by saying to them that whatever may be done under the forms of the divorce statutes is too sacred to be inquired into is an unthinkable anomaly.

II. The insistence of defendant that the trial court possessed no jurisdiction of the second count of

**Misjoinder of Causes of Action.** plaintiff's petition, for the alleged reason that a statutory action for maintenance cannot be intermingled or joined with an equitable action to set aside a fraudulent divorce, is not before us on this appeal, for the reason that defendant waived that issue by failing to raise the question of misjoinder of causes of action by either demurrer or answer.

This pretended issue is somewhat stale. Section 1800, Revised Statutes 1909, provides that when it shall appear on the face of a petition that "several causes of action have been improperly united" the defendant may call attention to such misjoinder by demurrer; and section 1804 provides that all of the objections to a petition enumerated in section 1800 which are not raised by demurrer or answer shall be deemed waived, except objections to the jurisdiction of the court over the subject-matter, and the failure of the petition to state a cause of action. Under these statutes if there was a misjoinder of causes of action in plaintiff's petition, such misjoinder was waived. [Gardner v. Robertson, 208 Mo. 605; Hendricks v. Calloway, 211 Mo. 536; Stone v. Perkins, 217 Mo. l. c. 604; Jackson v. Johnson, 248 Mo. 680.] The jurisdiction of equitable actions is expressly conferred upon circuit courts both by the Code and the Constitution. [Sec. 3956, R. S. 1909; Secs. 1 and 22, art. 6, Constitution of Missouri.] The action of a married woman for maintenance is expressly conferred upon the circuit court by section 8295, Revised Statutes 1909, so that there is no foundation for the assertion that the trial court did not possess jurisdiction to hear and determine both counts of plaintiff's petition. The defendant seems to rely almost entirely upon Sharpe v. Sharpe, 134 Mo. App. 278, to sustain his contention on this point, but we do not think the Sharpe case furnishes a basis for overruling the decisions of this court last above cited.

III. A further insistence is that the allowance of $6000 to plaintiff for her support between May 15, 1906, and the 31st day of January, 1913, is erroneous, because the allegations of plaintiff's

Maintenance.    petition show that during a part of that period of time the defendant's decree of divorce was in force, and the plaintiff was, therefore, not his wife and not entitled to support from him.

This insistence amounts to an assertion that, notwithstanding plaintiff was guilty of a gross fraud, both upon the court which granted the divorce and upon the plaintiff in this cause, and, notwithstanding plaintiff acted with promptness in her efforts to undo the wrongs which had been perpetrated by defendant, he should not be wholly stripped of the fruits of that transaction, but should be allowed to use the fraudulent divorce as a bar or estoppel against liability for failing to support plaintiff during the time necessarily consumed in setting the divorce aside. For a plea that is entirely outside the pale of equity and good conscience this alleged estoppel is certainly unique. If a precedent were necessary we would be strongly tempted to make one here and now, but precedents are not wanting. Black, in the second edition of his work on Judgments, vol. 1, sec. 371, says:

"Where a judgment at law has been procured by artifice or concealment on the part of the plaintiff, and the court where the fraud has been perpetrated is not able to afford adequate relief, a court of equity will take hold of the party who has committed the fraud and will prevent his using the judgment to the injury of his adversary."

In Freeman on Judgments (4 Ed.), vol. 1, p. 150, the rule is announced thus:

"The case of a judgment set aside for irregularity differs materially from that of one reversed upon appeal. In the latter case, the error for which the judg-

ment is ultimately avoided is imputed to the court, and the parties are not left without protection for the acts which they have done, based upon the judgment, and upon their confidence in the correctness of the decision of the court. But a judgment obtained irregularly, and against law or the practice of the court, is tainted with vices liable to result in its destruction, and for which the party practicing the irregularity is alone responsible. When, on account of these vices, the judgment is vacated, the party guilty of the irregularity seems to be as completely without any means of justification as though no judgment had ever been entered.''

That the divorce was obtained through fraud is the finding of the trial court, and the defendant was so well satisfied with the sufficiency of that evidence that he does not bring it here for our review.

In this case the decree of the circuit court on the first count of plaintiff's petition sets aside the divorce and restores her to all the marital rights which she enjoyed before such divorce was granted. Under a fair interpretation of that decree it relates back to the date when the fraudulent decree of divorce was entered, and entitles plaintiff to the support which she was temporarily precluded from obtaining by the existence of such a divorce.

No one should be permitted, either at law or in equity, to set up his own wrongful acts as a bar to a just cause of action. In harmony with this view is the rule that when one who has stolen or fraudulently converted money of another is sued therefor in assumpsit, he will not be allowed to set up his theft or wrongful conversion as a defense. [Bliss on Code Pleading (3 Ed.), sec. 13; Gordon v. Bruner, 49 Mo. 570; Crane v. Murray, 106 Mo. App. 697; Mathes v. Switzer Lumber Co., 173 Mo. App. 239.]

IV.    The allowance of attorney's fees for prose-
cuting the suit to set aside the fraudu-

**Allowance of Attorney's Fees.**    lent divorce and for maintenance pre-
sents an issue possessing some difficul-
ties.

Section 8295, Revised Section 1909, does not spe-
cifically authorize an allowance of attorney's fees for
prosecuting suits for maintenance, but our courts of
appeals have uniformly approved such allowances.
[Behrle v. Behrle, 120 Mo. App. l. c. 682; Hedrick v.
Hedrick, 157 Mo. App. l. c. 636; Wyrick v. Wyrick, 162
Mo. App. 723.]

It may not be amiss to observe that so great is the
interest of society in the husband's duty to furnish
maintenance to the wife whom he has wrongfully de-
serted that the failure on his part to furnish her rea-
sonable support is made a criminal offense.    [Sec.
4495, R. S. 1909, as amended Laws 1911, p. 193.]

It is a very ancient rule of the common law that
the husband is liable to a third party for necessaries
furnished to his wife when such husband has neglected
to supply her with reasonable support.    [21 Cyc. 1215,
M.]    When the husband without good cause deserts
his wife and fails to furnish her with such support as
his means will warrant, the services of an attorney
to compel such defaulting husband by suit to furnish
the maintenance contemplated by section 8295, supra,
becomes an immediate necessity of the wife, and where,
as in this case, the husband's wrongful conduct has
rendered a suit against him necessary to obtain or pre-
serve lawful rights of the wife, he becomes as much
liable for her attorney's fees thus incurred as he would
for necessary food, clothing, etc., purchased by her on
his credit.

This view finds support in the recent case of
Horn v. Schmalholz in the Appellate Division of the
Supreme Court of New York.    [134 N. Y. Supp. 652.]
The statutes of New York require the courts of that

State to re-fix and increase the allowance for the separate support of deserted wives when the husband's financial condition justifies such increase, and this was an action to recover from the husband for legal services rendered to a wife in prosecuting a suit, whereby a decree was obtained in increasing her allowance for separate support from $120 to $200 per month. In sustaining the judgment for services of an attorney employed by the wife, the New York Court, supra, said:

"The right to maintain the action in the case at bar is a common law right, not dependent upon the provisions of the Code relative to counsel fees, but based upon the continuance of the marital status and the husband's common law obligation to protect and support the wife therein. I am of the opinion that when the Legislature conferred jurisdiction upon the Supreme Court enabling it to refix the amount provided for the wife's support by final judgment in a separation action, the common law liability of the husband continued, requiring him to pay for the legal services necessarily and properly employed by the wife in enforcing such legislative rights, in the same degree and to the same extent as in the case of similar services necessarily rendered in the action prior to final judgment:"

Under the common law the wife did not occupy the exalted position which she does at the present time, and, while she could purchase necessary supplies on the credit of her husband, she could not maintain a suit to compel him to support her. [2 Story's Equity Jurisprudence (13 Ed.), p. 756.] See also page 757 of the same volume, where the announcement is made that a more liberal rule prevails in America for safeguarding the rights of wives whose husbands have deserted them without cause. Section 8295, supra, did not create any new duty on the part of the husband.

Dorrance v. Dorrance.

It only furnished a statutory remedy for enforcing rights of the wife which are as old as civilization.

We approve the ruling of our courts of appeals that the wife is entitled to suit money when the unlawful conduct of her husband has rendered necessary an action for her separate support. Such rule is eminently just and supported by the promptings of enlightened civilization.

By what is here said we do not wish to be understood as referring to an allowance for suit money *pendente lite* in an action by the wife for maintenance. In the action at bar the wife's right to maintenance has been determined upon a full trial.

In this case the wrongful conduct of the husband rendered it necessary for plaintiff to prosecute a suit to annul a fraudulent divorce before she could recover in her action for maintenance, and we hold that the allowance of attorney's fees for prosecuting the suit to set aside the divorce were properly taxable under the second count of her petition. Her action for support would have been unavailing if it had not been preceded by or made a part of the suit for maintenance. Defendant's wrongful, if not criminal conduct, in trying to escape liability for her support by procuring the fraudulent decree of divorce was the very cause why a judgment for her maintenance was so difficult to obtain, and it is altogether appropriate that he should bear the added expense of undoing his own intentional wrong.

The allowance of $7500 for attorney's fees seems rather large, but defendant has not brought up the evidence upon which that judgment is based, and cannot be heard to challenge its sufficiency here.

V. Plaintiff has filed in this case a motion to dismiss defendant's appeal, because his abstract contains

**Motion to Dismiss.** matters not existing in the record proper or in the bill of exceptions. The abstract is very irregular, and, by the insertion of extraneous matters, seems to be intended to deceive the court. Perhaps we would have been justified in dismissing the appeal without considering the cause on its merits. However, as the cause has been fully briefed on the merits, we have investigated every issue which we may consider under the record proper, and as we are satisfied that the judgment should be affirmed we will not make any ruling on the motion to dismiss. The judgment of the trial court is affirmed. *Lamm, C. J.,* and *Graves, Faris* and *Walker, JJ.,* concur; *Bond, J.,* dissents; *Woodson, J.,* not sitting.