STATE OF MISSOURI at the Relation of PUBLIC SERVICE COMMISSION, STATE HIGHWAY COMMISSION, LEWIS ELLIS, Commander of Missouri State Highway Patrol, Relators, v. JERRY MULLOY, Judge of the Circuit Court of St. Louis County, Division No. 2.—62 S. W. (2d) 730.

Court en Banc, July 27, 1933.

*Stratton Shartel,* Attorney-General, and *Albert Miller,* Assistant Attorney-General, for Lewis Ellis; *D. D. McDonald,* General Counsel, and *G. C. Murrell,* Assistant Counsel, for Public Service Commission; *John W. Mather,* Chief Counsel, and *Wilkie Cunnyngham,* Assistant Counsel, for State Highway Commission.

*Simon Fisher, W. Blodgett Priest* and *Robert L. Aronson* for **re**-spondent.

284

TIPTON, J.—Original proceedings in prohibition. The application for the writ was filed by the State of Missouri on the relation of the Public Service Commission of Missouri, the State Highway Commission, and Lewis Ellis, Commander of Missouri Highway Patrol. The writ of prohibition and the preliminary rule were directed against the respondent because of the certain suit, case number 94226, filed in the Circuit Court of St. Louis County, in which Madge Goldstein, the Purple Swan Lines, Incorporated, and J. J. Goldstein are plaintiffs and the Public Service Commission of Missouri, the State Highway Commission of Missouri, Lewis Ellis, Commander of the Missouri State Highway Patrol, P. H. Daniels, Division Engineer of the Missouri Highway Commission, Mike Tesson, Head Weight Officer of the Missouri Highway Commission, Philip R. Rabenau, Justice of the Peace in St. Louis County, and the members of the aforesaid commission are defendants. The petition in the case filed in the Circuit Court of St. Louis County seeks injunctive relief against all above-named defendants. Plaintiffs in the above-named suit allege in petition, among other things, that the Purple Swan Lines, Incorporated, is a corporation engaged in the business of "hir-

ing out" or "chartering" its busses to various groups of people for particular trips to definite cities or other points, and return for a stipulated and agreed price based on the length of the trip and the number of passengers to be carried thereon. That the Public Service Commission, the State Highway Commission, Lewis Ellis, Commander of the Missouri Highway Patrol, and employees are charged with the duty of the enforcement of the "Bus and Truck Law;" that if the Public Service Commission or any of the other defendants named in the injunction proceedings attempt to enforce the "Bus and Truck Law," it will deprive the plaintiffs of their property without due process of law.

At the time the petition for injunction was filed in the Circuit Court of St. Louis County, there was pending before the Public Service Commission an application on the part of the Purple Swan Lines, Incorporated, for a contract hauler's permit to operate intrastate as a passenger carrying contract carrier over an irregular route. The case before the Public Service Commission was No. 7851. This application before the Public Service Commission had been heard by the Commission, but it had not issued its report or order in this case. Without notice to relators, the respondent on July 27, 1932, issued a temporary restraining order against the enforcement of any or all provisions of the Missouri "Bus and Truck Law," being an act that the Missouri Legislature approved May 6, 1931, and being entitled, "An Act to repeal Article 8, Chapter 33, Revised Statutes of Missouri, 1929, entitled 'Transportation of persons by motor vehicles,' and to enact in lieu thereof a new article containing seventeen sections, numbered from 5264 to 5280, both inclusive, and to be known as Article 8 of Chapter 33, providing for the supervision, regulation and licensing of the transportation of persons and property for hire over the public highways of the State of Missouri by motor vehicle; conferring jurisdiction upon the Public Service Commission to license, regulate and supervise such transportation; providing for the enforcement of the provisions of this act and for the punishment for violations thereof," and further enjoined any of the relators or "their agents, servants or employees," "from interfering with or stopping or attempting to interfere with or stop the rights of plaintiff, Purple Swan Lines, Incorporated, or that of any of its agents, servants or employees to the use of the streets and highways of the State of Missouri, and allowing plaintiff, Purple Swan Lines, Incorporated, and each of the other plaintiffs herein to continue to do and carry on the business and operate in the State of Missouri transporting persons for compensation by motor vehicles as in plaintiff's petition described and from attempting to enforce any and all of the provisions of said act."

The temporary restraining order directed the defendants in the cause to appear before the respondent in this cause on September

9, 1932, to show cause why a temporary injunction should not be granted. On August 13, 1932, the defendants therein filed in said court a motion to advance the hearing which motion was assigned to Division No. 3 of said court and overruled two days later. In the plaintiff's petition in the injunction case they state that the interest of each and all of them in the operation of the busses is so interrelated as to make them incapable of separation with reference to the subject-matter of the action of the relief prayed for and for that reason they bring their action jointly and in this opinion will be treated as such. Other pertinent facts will be more fully discussed in this opinion.

The relators contend that the respondent does not have jurisdiction of the subject-matter pending before him. At the date of the filing of the injunction suit in the Circuit Court of St. Louis County, the application for a permit as a contract carrier over an irregular route under authority of the Missouri "Bus and Truck Law," (Laws 1931, pp. 304 to 316, inclusive), was pending before the commission. A hearing had been held upon the application in Jefferson City, but no order of the commission was made until August 5, 1932, when it denied the permit. Relators contend that under Sections 5233 and 5234, Revised Statutes 1929, the Circuit Court of St. Louis County had no jurisdiction to issue its restraining order. The pertinent part of Section 5234 is as follows:

"No court of this State, except the circuit courts to the extent herein specified and the Supreme Court on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the executing or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties."

▮▮ The constitutionality of this part of Section 5234, supra, was not raised by the respondent in his return, but was raised for the first time in his brief filed in this court. We do not undertake to pass on the constitutionality of this section as we do not believe that it is timely raised. [State ex rel. Hyde v. Buder, 315 Mo. 791, 287 S. W. 307.] For the purpose of this action we must treat this section as constitutional. We have repeatedly held that an injunction is a proper remedy to test the constitutionality of an act of the Legislature upon a showing that irreparable injury would result save for the intervention of a court of equity. In this case such a showing was made in the verified petition filed in the Circuit Court of St. Louis County. Judge BLAIR speaking for the Court en Banc in the case of Arnold v. Hanna, 315 Mo. 823, 290 S. W. 416, said:

"Respondents assert, and appellants do not deny, that the enforcement of the act, if invalid as alleged, may be enjoined. We so held in the case of State ex rel. Chase v. Hall, 297 Mo. 594, which was an original proceeding in this court to prohibit Judge HALL from de-

termining in an injunction suit the constitutionality of the 1921 Marketing Bureau Act. That case is ample and controlling authority for the appropriateness of the remedy invoked by respondents."

If it were not for Section 5234, supra, the respondent would have authority to pass on the validity of the "Bus and Truck Act" of the 1931 Legislature.

It is to be noted that the restraining order issued by respondent did not prohibit the Public Service Commission from passing upon the application for a permit filed before it by the Purple Swan, Incorporated, but it did enjoin any of the relators, or "their agents, servants or employees," "from interfering with or stopping or attempting to interfere with or stop the rights of plaintiff, Purple Swan Lines, Incorporated. or that of any of its agents, servants or employees to the use of the streets and highways of the State of Missouri, and allowing plaintiff, Purple Swan Lines, Incorporated, and each of the other plaintiffs herein. to continue to do and carry on the business and operate in the State of Missouri transporting persons for compensation by motor vehicles as in plaintiff's petition described and from attempting to enforce any and all of the provisions of said act," because of the alleged unconstitutionality of the act.

The question is, what are the official duties of the Public Service Commission in reference to the "Bus and Truck Act of 1931?" The official duties are the duties provided for in the act. In Section 5267, the commission vested with the power and authority to license, supervise, and regulate motor carriers in the State; to fix and approve rates, charges and classifications and rules and regulations; to regulate and supervise accounts, service and method of operating the same; and to require the annual filing of the reports and other data. Section 5268 makes it unlawful for a motor carrier to be operated without first obtaining a certificate of convenience from the Public Service Commission, and Section 5274 gives the commission authority to require every unit or vehicle to have such distinctive marking as may be adopted by the commission. Section 5276 states that every order shall be reduced to writing and certified copies shall be mailed to every contract hauler affected thereby, and that such orders shall be effective thirty days after such services. If the operator of a bus or truck line undertakes to operate without first applying for a permit, it will be unlawful. Such an operator is guilty of a misdemeanor under Section 5275 of this act. Thus we see that the Public Service Commission has many official duties to perform besides the duty to grant or deny a permit to operate as a "contract hauler."

As to the power and duties of the commission with reference to "contract haulers" the first three subdivisions of Section 5270 of the Laws of 1931. provide as follows:

"(a) The Public Service Commission is hereby vested with power and authority and it shall be its duty to license, supervise and regulate every contract hauler in this State except as provided in section 5265 of this act and to fix or approve the rates, fares, charges, classifications, and to prescribe maximum but not minimum scales of rates for general application throughout the State and rules and regulations pertaining thereto; to regulate and supervise the accounts, schedules, service and method of operating of same; to prescribe a uniform system of classification of accounts to be used and after such accounting system shall have been prescribed, contract haulers shall use no other; to require the filing of annual and other reports and any other data; and to supervise and regulate contract haulers in all matters affecting the relationship between such contract haulers, their customers, and the public.

"(b) The Public Service Commission shall have power and authority by general order or otherwise to prescribe rules and regulations governing all contract haulers as herein defined.

"(c) Article 6 of the Public Service Commission Law is hereby made applicable to all such contract haulers."

Article 6 of the Public Service Commission Law is entitled "Procedure before Commission and Courts" and gives the commission authority to "enforce the powers of the commission under this or any other law" by bringing an action "in any circuit court in this State in the name of the State of Missouri and shall be commenced and prosecuted to final judgment by the general counsel to the commission."

We, therefore, believe that the order of the respondent which prohibits the commission "from attempting to enforce any and all provisions of said act" does interfere with the performance of the commission of its official duties, even though the order did not prohibit the commission from passing on the application for a permit to operate as a "contract hauler." It is our conclusion that the preliminary rule should be made absolute. It is so ordered. All concur, except *Leedy, J.*, not sitting.