JAMES W. WARD, Doing Business as J. W. WARD TRANSFER, v. PUBLIC SERVICE COMMISSION, Appellant.—108 S. W. (2d) 136.

Division Two, August 26, 1937.*

*James P. Boyd,* General Counsel, and *Daniel C. Rogers,* Assistant Counsel, for Public Service Commission.

*NOTE: Opinion filed at September Term, 1936, March 11, 1937; motion for rehearing filed; motion overruled June 21, 1937; motion to transfer to Court en Banc filed; motion overruled at May Term, 1937, August 26, 1937.

228

*John C. Vogel* and *Arthur R. Felsen* for respondent.

230

TIPTON, J.—This is an appeal from the Circuit Court of the City of St. Louis, wherein that court enjoined the appellant from interfering with or stopping or attempting to interfere with or stop, respondent, his agents, servants and employees from using the streets and highways of the city of St. Louis and the State of Missouri in interstate commerce as a motor carrier of property and as a contract hauler of property without securing and having interstate permits issued by appellant, or without paying the fees provided in Section 5272 of Article VIII, Chapter 33, of the Laws of Missouri, 1931, and perpetually enjoined the appellant from instituting or causing to be instituted against respondent any civil action or actions to collect the penalties provided in Section 5272, supra, for using his motor vehicles in interstate commerce over the streets and highways of the city of St. Louis and the State of Missouri without securing and having interstate permits issued by the appellant, or without paying the fees provided for in Section 5272, supra.

From the judgment of that court, the appellant has duly appealed to this court.

The respondent states the question for our determination, as follows:

"Under the Motor Carrier Act, 1935, can a common carrier and a contract hauler engage exclusively in interstate commerce and entering Missouri only in the City of St. Louis be required to take out interstate permits from the Missouri Public Service Commission and be required to pay the fees provided for in Section 5272 of the Laws of Missouri, 1931, as a condition precedent to his use of the streets of the City of St. Louis for his interstate transportation of property?"

For the purpose of this case, the respondent does not question the constitutionality of the Missouri Bus and Truck Act of 1931 other than to contend that it has been superseded by the Interstate Bus and Truck Act of Congress which went into effect August 9, 1935.

In its answer, the appellant contended that the Circuit Court of the City of St. Louis was without jurisdiction to hear this cause on account of Section 5234, Revised Statutes 1929. The respondent in his reply pleaded that this section is unconstitutional because it violates Sections 1 and 21 of Article VI of our State Constitution.

The pertinent parts of Section 5234, supra, are as follows:

"Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of *certiorari* or review. . . . *No court of this State, except the circuit courts to the extent herein specified and the Supreme Court on appeal, shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission or to suspend or delay the executing thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties.*" (Italics ours.)

At the time that the circuit court enjoined the appellant, no application for a permit or any other matter was pending before it for decision. It follows that there was no hearing in the city of St. Louis, and if the appellant was enjoined from acting in its official capacity, then the Circuit Court of the City of St. Louis did not have jurisdiction under the above-quoted section.

The respondent contends that the "official duties" referred to in this section must be construed to mean that when a matter is officially pending before the appellant on an application or petition or otherwise, and is awaiting a hearing or has been heard, and an order or decision has been made, then the action of the appellant can only be reviewed by the method provided in Section 5234, supra.

In the case of State ex rel. Public Service Commission of Missouri et al. v. Mulloy, 333 Mo. 282, 62 S. W. (2d) 730, we ruled that the official duties of the commission were not confined to matters that were or had been pending before it. It is true in that case that application for a permit had been made but the trial court did not enjoin the commission from ruling on the application. In that case we said:

"Article 6 of the Public Service Commission Law (Mo. Stat. Ann., sec. 5229 et seq.) is entitled 'Procedure before Commission and Courts,' and gives the commission authority to 'enforce the powers of the commission under this or any other law' (Section 5229) by bringing an action 'in any circuit court in this State in the name of the State of Missouri and shall be commenced and prosecuted to final judgment by the general counsel to the commission.'"

"We therefore believe that the order of the respondent which prohibits the commission 'from attempting to enforce any and all provisions of said act' does interfere with the performance of the commission of its official duties, even though the order did not prohibit the commission from passing on the application for a permit to operate as a 'contract hauler.'"

Assuming, without deciding, that the Missouri Truck and Bus Act of 1931 is in conflict with the Interstate Bus and Truck Act of Con-

gress, that still would not give the Circuit Court of St. Louis jurisdiction in view of Section 5234, supra, as that would be the very thing that the court would have to decide. Moreover, in the case at bar, the judgment of the court was not as broad as the relief asked for in the petition. For instance, the court refused to enjoin the appellant from requiring the respondent to carry liability insurance, and to carry out its regulation as to the qualification of the truck drivers. If Section 5234, supra, is constitutional, the trial court was without jurisdiction to enjoin the appellant in the case at bar.

Respondent contends that the above-quoted portion of Section 5234, in italics, is unconstitutional, "being an unconstitutional attempt to limit by statute the constitutional jurisdiction of the circuit courts in violation of Article VI of the Constitution of the State of Missouri." Section 1 of Article VI is as follows: "The judicial power of the State, as to matters of law and equity, except as in this Constitution otherwise provided, shall be vested in a Supreme Court, the St. Louis Court of Appeals, circuit courts, criminal courts, probate courts, county courts and municipal corporation courts." The pertinent part of Section 22 of that article is as follows: "The circuit court shall have jurisdiction over all criminal cases not otherwise provided for by law; exclusive original jurisdiction in all civil cases not otherwise provided for. . . ."

■ Where a court is established and its jurisdiction specifically fixed by the Constitution, the Legislature is powerless to diminish, enlarge, transfer or otherwise infringe upon the powers conferred. [State ex rel. Cave v. Tincher, 257 Mo. 1, 166 S. W. 1028; State ex rel. York v. Locker, 266 Mo. 384, 181 S. W. 1001.]

To sustain his contention that Section 5234, supra, violates Sections 1 and 22 of Article VI of our Constitution, the respondent relies upon the case of Dorrance v. Dorrance, 257 Mo. 317, 165 S. W. 783. In that case the defendant, the husband, had obtained a decree of divorce in the Circuit Court of the City of St. Louis by fraud. The wife, then, brought a suit in equity to set aside the judgment in the divorce case on the ground that it was obtained by fraud. To her petition the trial court sustained a demurrer because Section 2381, Revised Statutes 1909, prohibited a petition for a review of a judgment for divorce. We held that the suit in equity was an original action and not a petition for review, and the opinion stated that if that section "is intended to prohibit relief in equity against such frauds as were perpetrated upon the circuit court and upon the plaintiff in obtaining the divorce granted to defendant, then clearly such section is unconstitutional."

We do not think that case is in point for the reason that the petition for review statute undertook to deprive all the circuit courts in this State of the power to set aside divorce judgments fraudulently

obtained, while in the case at bar, Section 5234 does not deprive the circuit courts of this State of the equity powers conferred upon them by our Constitution. But the Legislature has, by that section, apportioned among the circuit courts of this State the power to review the orders of the appellant or to enjoin the appellant, as it had a right to do.

In the case of State v. Buckner, 291. Mo. 320, 234 S. W. 651, the respondent, a circuit judge in Jackson County, issued a writ of *habeas corpus* to the sheriff commanding him to release on bail Walter McFaddin, who had been convicted in the criminal court of Lafayette County. Lafayette County is in the Fifteenth Judicial Circuit of this State while Jackson County is in the Sixteenth Judicial Circuit. We held that Section 2436, Revised Statutes 1919, which specifically limited the jurisdiction of circuit judges to the counties in which their several courts may be held, did not violate Sections 1 and 22 of Article VI of the State Constitution. In passing on that case we said:

"The Constitution has provided judicatories to which citizens may resort in all cases of wrong and injustice, but to avoid conflict of jurisdiction the Legislature, as it had a right to do, has fixed the territorial jurisdiction within which the functions of a circuit judge may be exercised. In this case the defendant McFaddin had his remedy within the judicatories of the judicial district in which he resided. The judge of the circuit court of that district had jurisdiction to grant a writ of *habeas corpus,* and by statute the judge of the criminal court was given the same power. [Section 2638, R. S. 1919.] The rule is well settled that the inherent, as well as the express, powers of the court must be exercised within the territorial jurisdiction of that court unless positive law enlarges the fields of their use. [St. Louis, K. & S. Ry. Co. v. Wear, 135 Mo. 230, l. c. 259, 36 S. W. 357, 658, 33 L. R. A. 341.] It is equally as well settled that the General Assembly may lawfully apportion among the courts, mentioned in the Constitution, the judicial authority vested in them. [State ex rel. Board of Education v. Nast, 209 Mo. 708, l. c. 720, 108 S. W. 563.] In this case the defendant Buckner had no jurisdiction to grant a writ of *habeas corpus* directed to the sheriff of Lafayette County, who was executing a judgment of the criminal court of that county, and in granting such writ he exceeded his judicial authority. The argument urged here by him that the *habeas corpus* writ is an ancient as well as a high prerogative writ, and therefore may be used, without regulation, throughout the State, is not sustained by the law, as obviously such a contention would lead, if followed, to such an abuse of the writ as to destroy its efficiency and its commendable purpose."

Section 5131, Revised Statutes 1929, provides that "The

principal office of the commission shall be at the state capital at the city of Jefferson City, where the commissioners shall reside during their respective terms of office. . . . The commission may sue and be sued in its official name. . . .''

The ''commission is a legal entity and a quasi corporation. It was created for a public purpose and exists as an entity distinct and apart from its members. The commission is the only necessary and proper party to litigation for a review of its orders,'' or when it is enjoined by a court of equity. [State ex rel. Gehrs et al. v. Public Service Commission of Missouri et al., 338 Mo. 177, 90 S. W. (2d) 390.]

In the case of the State ex rel. State Highway Commission of Missouri v. Bates, 317 Mo. 696, 296 S. W. 418, this court en banc held that the Highway Commission was an entity, separate and apart from the commissioner; that it was domiciled in Cole County and could only be sued in that county. In the opinion in that case we said:

''These legal entities, created for public purposes, seem to be in a class to themselves; and the State could have said, when the relator was made by statute subject to suit, just how service of process should be had upon it. . . .

''As said supra, this entity is in a class different from pure corporations. It was created for a purely public purpose, and in providing for suit against it the State could provide for the place of suit and the manner of service. This we think was done by the act. The permanent domicile of the commission is in Jefferson City. All its books and papers are there, and there was no desire that they should be scattered around all over the State, if suits were brought, in the sundry courts of the State. The State has done much toward fixing the official residence of this entity in Cole County. The act is full of provisions so indicating. We think the suit involved in this proceeding had its venue in Cole County, and not elsewhere. [State ex rel. Gardner v. Hall, 282 Mo. 425, 221 S. W. 708.]''

In the case at bar, Section 5131, supra, expressly states that the principal office of the appellant shall be in Jefferson City and that each commissioner shall reside there. We think the Legislature had a right to say in what circuit courts the appellant could be sued when it gave authority for it to be sued. And in so doing, it did not violate either Section 1 or Section 22 of Article VI of our Constitution.

Every presumption must be indulged in in favor of the constitutionality of a legislative statute and it will not be declared unconstitutional unless its invalidity is made to appear beyond a reasonable doubt. [Kansas City v. Liebi, 298 Mo. 569, 252 S. W. 404.] With this rule of law in mind, we are unable to see where Section

5234, supra, conflicts with our Constitution. This section does not prohibit all circuit courts from enjoining the Public Service Commission from enforcing some illegal order, but does give jurisdiction to the Circuit Court of Cole County, the domicile of the appellant, and to the circuit court of those counties where a hearing before the appellant was heard.

It follows that the Circuit Court of the City of St. Louis was without jurisdiction to enjoin the appellant in the case at bar, and the judgment of that court should be reversed. It is so ordered. All concur.