**STATE of Missouri at the Relation of Floyd SUMMERS et al., Relators-Appellants,**

**v.**

**PUBLIC SERVICE COMMISSION of the State of Missouri, Respondent.**

No. 23565.

Kansas City Court of Appeals.

Missouri.

April 1, 1963.

N. Murry Edwards, St. Louis, Ninian M. Edwards, Clayton, for appellants.

Glenn D. Evans, Thomas J. Downey, Jefferson City, for respondent.

CROSS, Judge.

This is an appeal, by 152 residents of Montgomery County, from the order and judgment of the Circuit Court of Cole County dismissing their petition for a review of certain orders entered by respondent Missouri Public Service Commission in three cases originating before that agency, in which they participated as relators, petitioners or interested parties. Two of the cases are in the nature of applications by two contesting telephone companies for authority from the Commission to render service in the general area of appellants' residence, which formerly had been served by a mutual company. The third case was filed by appellants and amounts to an application for the Commission's order to require a third telephone company to provide its services in the area. We identify these proceedings in the order of their filing with the Commission.

Case No. 14,613 was filed on December 28, 1960, by the Midwestern Telephone Company, requesting an extension of its existing certificate authority so as to include the desired area. Thereafter, and on January 16, 1961, the Bellflower Telephone Company (a mutual company) filed Case No. 14,603 as an application for a certificate of convenience and necessity to serve the disputed territory. The Commission consolidated those two cases, held a joint hearing thereof on February 21, 1961, and took the matters heard under advisement. After this hearing and before any decision, the Bellflower Company moved to reopen its case (No. 14,603) for the introduction of additional evidence. That motion was denied by the Commission.

The appellants entered this controversy on March 15, 1961—after the joint hearing of the consolidated Midwestern and Bellflower cases, and before any decision or order therein—by filing a petition with the Commission asking "that the public in the area surrounding Bellflower and including the disputed territory, be given an opportunity to be served out of Montgomery City,

their county seat, by the Southwestern Bell Telephone Company". The proceeding so arising on appellants' petition (the third case) was designated by the Commission as Case No. 14,655. Pursuant to the petition, the Commission "asked Southwestern Bell Telephone Company to satisfy the request for telephone service out of Montgomery City and the Southwestern Bell Telephone Company asked for further time until May 1, 1961 to satisfy the request". On March 22, 1961, appellants filed a motion in that case requesting the Commission to defer any decision in the consolidated cases (Midwestern's No. 14,613 and Bellflower's No. 14,603) until after the hearing of appellants' application to require the rendition of service by Southwestern Bell.

On March 31, 1961, the Commission denied Bellflower's application to reopen Case No. 14,603, and likewise denied appellants' motion to defer decision of Midwestern and Bellflower's applications in Cases No. 14,-613 and 14,603, until a hearing was held on appellants' application seeking telephone service from Southwestern Bell. Also, on the same day, the Commission decided Cases No. 14,613 and No. 14,603 on their merits by issuing a report and order approving the application of Midwestern to serve the disputed territory and denying Bellflower's application.

On April 14, 1961, appellants filed their motion praying the Commission to set aside all its orders entered on March 31, 1961, and to grant a rehearing, in all three cases. That motion was denied by the Commission on April 17, 1961. In support of the motion it is alleged therein that the Commission's orders were arbitrary, illegal, unlawful, improper, unjust and unreasonable for reasons which are also incorporated in appellants' petition for certiorari or review which was thereafter filed in the circuit court. The motion to set aside the orders made on March 31, 1961, and for a rehearing in all the cases was denied by the Commission on April 17, 1961.

In due time, and on May 1, 1961, appellants petitioned the Circuit Court of Cole County for a review of all three cases by filing therein their pleading entitled "Petition for Writ of Certiorari or Review" in which they pray that court to determine the reasonableness, lawfulness and legality of the Commission's orders, above noted, pray that they be granted a rehearing in "said Case No. 14,655, Case No. 14,613 and Case No. 14,603", and further pray the issuance of a writ of certiorari or review commanding the Commission to certify to the circuit court complete transcripts of the record of proceedings in each of the three cases.

As supporting grounds for the relief prayed in appellants' petition for review, they allege therein that the orders of the Commission were "arbitrary, illegal, unlawful, improper, unjust and unreasonable" because (a) the decisions in the consolidated cases (No. 14,613 and No. 14,603) made after hearing only the evidence of Midwestern and Bellflower, are untimely and premature, since it would be "in the public interest for respondent to hear the 152 petitioners and relators (on their request for service by Southwestern Bell) before rendering a decision"; (b) inasmuch as a majority of the patrons in the area affected want to be served out of their county seat by Southwestern Bell, they should be granted an opportunity to be heard before the Commission decides the whole matter; (c) *the Commission's own files and records* disclose that out of approximately 90 houses in the disputed territory, only 4 prospective patrons want Midwestern service, while 38 have signified they want to be served by Southwestern Bell, and that, therefore, the grant of authority to Midwestern is a denial to the majority of the people of an opportunity to obtain telephone service from the company they prefer; (d) the allocation of the area to Midwestern without hearing evidence in Appellants' Case No. 14,655 has the effect of denying their application

for service by Southwestern Bell without an opportunity to be heard, for the reason that the prior grant of authority to Midwestern would be irrevocable, "so that any hearing coming later on the same or similar issues comes too late to grant any relief as requested by Relators and Petitioners in Case No. 14,655". Appellants further allege that because of the reasons above set forth, they were denied a hearing before the Commission, all in contravention of the law and the Constitution of Missouri.

As additional grounds to support the petition for review, appellants have incorporated therein, by reference, the allegations that were specifically set forth in their motion addressed to the Commission to set aside all orders made in the three cases and to grant rehearings therein. Included in those allegations are averments to the effect that the Commission, in the entry of certain of the orders challenged, made findings of fact that were not supported by and were contrary to the evidence; that the Commission erred in stating "Conclusions" in support of those orders that were not justified by the record; that Midwestern's facilities are inadequate; that it often uses old, worn and second hand equipment; that it uses trees a great deal instead of poles; and, that its service heretofore rendered has not been satisfactory to its patrons.

Forthwith upon the filing of the described petition for review, the trial court issued its writ of certiorari or review and ordered the Commission to certify and return to it a full and true copy of the record in Cases No. 14,655, 14,613 and 14,603.

Thereafter, the respondent Commission filed its motion to dismiss appellants' petition for review and to quash the writ of certiorari or review issued by the circuit court. In support of the motion it is alleged generally that the petition for review was untimely, under applicable law, because there had not been a "final determination of the subject matter of the pro-

ceedings before the Commission". However, the only specific allegation to support the general averment of "untimeliness" is that "inasmuch as the Commission has not acted on the merits in Case No. 14,655, a Writ of Review to determine the lawfulness or reasonableness of the Commission's Order, as contemplated by the statutes, is premature". There is no allegation that appellants' petition for review is untimely as to the consolidated cases of Midwestern and Bellflower (Cases No. 14,613 and No. 14,603) or that there has not been a final determination of those proceedings before the Commission. On the contrary, the Commission specifically admits in its motion that "Final orders have been entered by the Commission in cases numbered 14,603 and 14,613, and a review for the purpose of determining the lawfulness and reasonableness of the orders entered in these cases is timely".

After hearing the motion to dismiss, the circuit court entered the following order: "Thereafter, on September 26, 1961, the Court, again considering presentation of counsel and being now fully advised in the premises, finds the issues for the respondent and against the relators, and grants respondent's motion to dismiss". We interpret the foregoing as an order quashing the writ of certiorari or review and dismissing appellants' petition on which it was issued. And, since the trial court specified no reason for such action, we assume that the order was based on the only specific ground of complaint contained in the motion to dismiss, to-wit: that the petition for review is premature as to Case No. 14,655.

This appeal presents only one question for our consideration: whether the circuit court erred in quashing the writ and dismissing the petition for review.

 In resolving the issue, we first consider whether appellants are parties who are legally entitled to petition for judicial review of the three cases. We are apprised by the fact allegations before us that appel-

lants are the original petitioners who initiated Case No. 14,655. Appellants entered Cases No. 14,613 and 14,603 by intervention and for the purpose of filing their motions for rehearing in those proceedings. That procedure was authorized by Section 386.500, which provides, in part, as follows:

"After an order or decision has been made by the commission any corporation or person or public utility interested therein shall have the right to apply for a rehearing in respect to any matter determined therein, and the commission shall grant and hold such rehearing, if in its judgment sufficient reason therefor be made to appear;".

Under clear rulings of the Supreme Court, appellants, as members of the general public and telephone utility patrons in the disputed area, had the right to institute Case No. 14,655 as interested parties, and also had sufficient interest in Cases No. 14,613 and No. 14,603, to justify their intervention as parties to those proceedings. In State ex rel. Consumers Public Service Co. v. Public Service Commission, 352 Mo. 905, 180 S.W. 2d 40, the court said: "Considering the Public Service Commission Act as a whole, it seems apparent that parties to cases before the Commission, whether as complainants or intervenors are not required to have a pecuniary interest, or property or other rights, which will be directly or immediately affected by the order sought or even its enforcement. The reasonable construction seems to be that the interest necessary to authorize intervention should be the same as that required to become a complainant upon whose complaint a case is commenced. Any local partisan interest in the situation involved, such as a customer, (or) representative of the public in the locality or territory affected * * * is * * * a sufficient basis for intervention." It necessarily follows that when the Commission denied the motions for rehearing in each of the three cases, appellants were interested parties to those proceedings, and, as such, were vested with all rights afforded them by the law to petition for and be accorded a judicial review of the Commission's final orders and decisions. "The commission and each party to the action or proceeding before the commission shall have the right to appear in the review proceedings." State ex rel. Consumers Public Service Co. v. Public Service Commission, supra.

It is provided by Article V, Sec. 22 of the 1945 Missouri Constitution, V.A.M.S., that all final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi judicial and affect private rights "shall be subject to direct review by the courts as provided by law". The quoted provision *guarantees* the right to judicial review, but leaves it to the legislature to provide the method of such review. Warnecke v. State Tax Commission, Mo.Sup., 340 S.W.2d 615; also see Ward v. Public Service Commission, 341 Mo. 227, 108 S.W.2d 136; State ex rel. Burns v. Stanton, Mo.App., 311 S.W.2d 137.

Pursuant to the cited constitutional guaranty, the legislature has made provision for judicial review, by the circuit court, of final orders and decisions of the Public Service Commission, by the enactment of Section 386.510, V.A.M.S. That statute is essentially definitive of appellants' rights in this controversy. We quote, in part, therefrom:

"Within thirty days after the application for a rehearing is denied * * * the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (herein referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined. * * * Such writ shall be made returnable not later than thirty days after the date of the issuance thereof, and shall direct the commission to certify its record in

the case to the court. *On the return day the cause shall be heard by the circuit court,* unless for a good cause shown the same be continued. No new or additional evidence may be introduced upon the hearing in the circuit court but *the cause shall be heard by the court* without the intervention of a jury *on the evidence and exhibits introduced before the commission and certified to by it. The commission and each party to the action or proceeding before the commission shall have the right to appear in the review proceedings.* * * * *The circuit courts of this state shall always be deemed open for the trial of suits brought to review the orders and decisions of the commission* * * *".* (Emphasis supplied.)

Inasmuch as appellants are interested parties within the meaning and intendment of Section 386.510 (as we have demonstrated), and have invoked that statute by filing their petition for review within the time prescribed therein, therefore, it has become incumbent upon the circuit court to do and perform all judicial acts commanded of it by the enactment. It has become the mandatory duty of that court to issue its writ of review in each of the three cases which may have been finally decided by the Commission, to review such causes on the evidence and exhibits introduced before the Commission, to determine the reasonableness and lawfulness of the final orders and decisions made therein by the Commission, and to render judgment accordingly, and in the public interest.

■ There has been no final order or decision in Case No. 14,655—appellants' application seeking telephone service from Southwestern Bell. No hearing has been held in that proceeding from which a record could be certified to the circuit court. An attempted appeal or review at this time is premature. We necessarily rule that appellants' petition for review does not establish their entitlement to a review of Case No. 14,655.

■■ We rule otherwise as to consolidated Cases No. 14,613 and No. 14,603. It is clearly apparent from appellants' pleading, and stands confessed by the Commission, that final decisions have been rendered in those proceedings and that "a review for the purpose of determining the lawfulness and reasonableness of the orders in these cases is timely". It is conclusively established that appellants are entitled to have a review of the consolidated cases by the circuit court in accordance with the procedure afforded by Section 386.510.

■ Notwithstanding, the Commission undertakes to defend the dismissal of review proceedings *as to the consolidated cases* by suggesting that appellants may have a review of those cases by intervening in another review proceeding wherein Bellflower has petitioned the Circuit Court to review Cases No. 14,613 and No. 14,603 (Bellflower's petition for review was filed on May 15, 1961—fourteen days after the filing of appellants' petition). We find no merit in that suggestion. Appellants were first to institute review proceedings under the provisions of Section 386.510. When they filed their petition therefor on May 1, 1961, they became entitled to all the remedial relief afforded them by the Constitution and the cited statute. The fact that Bellflower thereafter instituted a like proceeding does not in any degree affect or diminish appellants' legal right to maintain the physical structure of their own proceeding and to prosecute that proceeding to such a termination as the law provides. It is not incumbent upon appellants to file still another pleading and endeavor to intervene in Bellflower's review proceedings to obtain the relief to which they are entitled under their own petition. To permit the dismissal of appellants' valid review proceedings on the theory that they *might* intervene in Bellflower's review proceedings would amount to nullification of Section 386.510 and the constitutional guaranty under which that statute was enacted. However, it is not our intention, by anything we have heretofore said in the premises, to suggest that the

circuit court may not, in its discretion, consolidate the two review proceedings for a joint hearing thereof.

We conclude that the judgment should be reversed and the cause remanded with directions to the circuit court that it (1) set aside its order granting respondent's motion to dismiss appellants' petition for review; (2) re-issue its writ of certiorari or review directing the Public Service Commission to certify and return to the court a full and true copy of the record in each of Cases No. 14,613 and 14,603; (3) hear each of said causes in the manner provided by law, determine the reasonableness or lawfulness of the orders and decisions rendered therein by respondent and enter judgment accordingly; and (4) remand Case No. 14,655 to the Public Service Commission for such disposition as the law provides.

It is so ordered.

All concur.