J. RALPH POPE et al., Appellants, v. EVAN LOCK-HART et al.

### Division One, June 8, 1923.

1. **SCHOOL TAXES: To Pay Private Debts: Injunction.** The levy of school taxes being less than the maximum rate permitted by law, the courts cannot enjoin their collection on the sole ground that the school board intend to divert a part of the money when collected to the payment of the private debts of directors.

2. ———: ———: **Levy Within Statutory Limit: Diversion.** The statutes commit to the school board the duty to make the estimates of school taxes for the year, and if the board in making its estimates keeps within the lawful limits of the levy constitutionally authorized by the voters, the courts have no power to reduce the levy or enjoin its collection, nor will they revise the levy merely because it is thought a sum in excess of the needs of the district will be collected, nor because there is some evidence tending to show an intent on the part of the board to divert the money, after its collection, to another purpose, such as the payment of the personal debts of its members, since that can be dealt with when an attempt at diversion is made.

Appeal from Nodaway Circuit Court.—*Hon. John M. Dawson,* Judge.

AFFIRMED.

*Cook & Cummins* for appellants.

(1) The last estimate filed by the two members of the school board, is a palpable fraud, and so purposely

designed. The assessed valuation of the district was $36,087. The legitimate incidental expenses of the district for fuel, repairs and school supplies, is conclusively shown not to exceed $120. This, in fact, had been sufficient in the preceding years, and no one contends that more was needed. (2) The note at the bank, to pay which this tax is sought to be collected, is not a lawful debt against the school district, because every step in its creation was a positive violation of the law. Sec. 12, Art. 10, Mo. Constitution. This was a common country school district. It had no money on hand with which to make extensive repairs on its school building, and no action had been taken by the voters to provide funds for that purpose. No expression of the will of the taxpayers and voters had been had. No election had been called, and the people had in no manner given their consent to the creation of a heavy debt against them. With matters in that condition, these two members of the board, without as much as consulting their co-member, and even without a pretended meeting of the board, took the reins in their own hands, and made improvements and additions to the school building, costing about $1700. They then paid the bills by borrowing the money at the bank, attempting to involve the district by signing its name to the note. An obligation created in this manner is without authority, a plain violation of the Constitution and law, and constitutes no debt against the district. Kane v. School District, 48 Mo. App. 408; Johnston v. School District, 67 Mo. 319. (3) The collection of a tax, levied in violation of the Constitution, will be restrained by injunction. Harrington v. Hopkins, 231 S. W. 263.

*Wright & Ford* for respondents.

(1) An injunction will not be granted to restrain the collection of a school tax merely because it is proposed to divert the money when raised, since a court of equity may prevent a misappropriation of the fund after the tax is collected. 35 Cyc. 1039; Lawrence v. Traner, 136 Ill. 474; Cleveland Railroad Co. v. People, 208 Ill. 9;

People v. Peoria Railroad Co., 216 Ill. 221. (2) The school district is the beneficiary of the tax and is a necessary party defendant to a bill to enjoin the collection of school taxes. 35 Cyc. 1039-1040; 37 Cyc. 1274; School Dist. v. Smith, 90 Mo. App. 215, 225; State ex rel. v. Sanderson, 54 Mo. 203. (3) Even if the pleadings had raised the question of the payment of the note or the liability thereon, the Citizens Bank of Graham would be a necessary party defendant. 35 Cyc. 1040; 37 Cyc. 1274; State ex rel. v. Sanderson, 54 Mo. 203, 206. (4) It is essential, before an injunction will be granted restraining the collection of a school tax, that the complaint state and the proof show: (a) The amount of tax assessed against relators or demanded of them. 37 Cyc. 1275; Fugate v. McManama, 50 Mo. App. 39; Robins v. Latham, 134 Mo. 466, 472; Williams v. School District, 167 Mo. App. 476. (b) The specific amount of the tax admitted to be legal and proper. 37 Cyc. 1275. (c) That so much of the tax as is admitted to be legal has been paid or payment tendered. 35 Cyc. 1039; 37 Cyc. 1276; Johnson v. Duer, 115 Mo. 379; Black v. Early, 208 Mo. 281, 311; Porter v. Paving & Construction Co., 214 Mo. 22. (d) That the necessary authority to collect the tax is in the hands of the proper officer and that proceedings against relators or their property are imminent. 37 Cyc. 1275; St. Louis & S. F. Ry. Co. v. Apperson, 97 Mo. 305. (5) Even if the liability, if any, incurred by the note mentioned in evidence had been made an issue, Gex and Smith are not personally liable under the facts here, even though the district be not liable. Humphrey v. Jones, 71 Mo. 62; Hodges v. Runyan, 30 Mo. 491; 35 Cyc. 910; Jerkuermin & Shenker v. Andrews, 40 Mo. App. 510; Breid v. Mintrup, 219 S. W. 705.

JAMES T. BLAIR, J.—This is a suit to enjoin the collection and reception of school taxes in School District 143 in Nodaway County. The trial court dismissed the bill, and this appeal followed.

Appellants are alleged to be resident taxpayers of the district, and state that they bring the suit for them-

selves and all other persons similarly situated. Respondents are the township collector of Hughes Township, the county clerk, and Gex and Shambarger, two members of the district school board. In addition to the description of the parties, the petition alleges:

"Relators further say that the respondent county clerk has extended upon the tax books of Hughes Township, Nodaway County, Missouri, in extending the taxes of School District Number 143 in said township, a levy of twenty cents upon the one hundred dollar valuation of the property of said school district; that such levy so extended upon said tax books was extended thereon contrary to the laws of the State of Missouri and without any authority of law therefor; that it was so extended not for the purpose of paying the expenses of operation of the school in said district or for any other of its legitimate expenses, but on the contrary it was so extended for the purpose of paying certain obligations and debts owed by the respondent W. B. Gex and Oliver K. Smith, and for which the said school district was in no wise legally obligated; that the said W. B. Gex and Oliver K. Smith were members of the board of directors of said school district at the time of the attempted levy of such illegal tax, and conspiring together for the purpose of paying their said personal indebtedness caused the said county clerk to extend the said taxes upon the tax books of said township and school district so that their said personal obligations would and should be paid by means of the said taxes so gathered from the taxpayers of said district; that the said Lockhart, as such tax collector, is now proceeding and is about to attempt to collect the said taxes off of these relators and other similar situated in said district and will do so unless restrained by the orders of this court.

"Relators further state that the injury threatened herein is irreparable and that relators have no adequate remedy at law."

Evidence was admitted to show that in 1919 some $1700 had been expended upon repairing and improving

the school building; that the district did not then have enough money on hand available to pay this, and respondent Gex and Oliver K. Smith, then members of the board, borrowed the balance and executed to the Bank of Graham a note to cover the amount. The note purports to be signed by the district and the gentlemen named. Subsequently about half the amount of the note was paid out of district funds. There is evidence a tax was voted in 1919 to raise funds for the improvements made. At the annual election in April, 1921, the voters authorized a levy of fifty-five cents for school maintenance purposes and forty-five cents for repairs and building purposes. There had been changes in the board and some strife in that body and in the district. When the time came to prepare the estimate for the year there was a full meeting of the board. The majority authorized an estimate of twenty-five cents for the teachers' fund and twenty-five cents for the incidental fund. There is a conflict of evidence whether Shambarger suggested that the incidental levy should be made thus large in order to pay the note at the bank. Smith was no longer on the board. The estimate was sent to the county clerk. One of his deputies, on suggestion, altered some of the figures in an apparent effort to make the estimate show a levy of five cents for incidental purposes. The clerk testified the alterations left the estimate in such condition that he would not have been able to determine therefrom the amount of the incidental levy. The majority of the board learned of this change in the certificate of the estimate, withdrew the altered estimate and framed a second certificate like the first they had authorized. This was filed within the required time and the levy extended in accordance with it.

The gist of appellants' contention is that the note at the bank was not a lawful debt of the district; that the incidental levy was made for the purpose of paying it, and is therefore unlawful and the collection of taxes thereunder should be enjoined.

The statute (Sec. 11142, R. S. 1919) makes it the duty of the school board to make the estimate of the funds necessary to sustain the school in its district and state the amount and the rate required to raise it. Section 11183, Revised Statutes 1919, makes it the duty of the county clerk "on receipt of the estimates . . . to assess the amount so returned on all taxable property, . . . except he shall not exceed stated limits which do not affect the question in this case. The withdrawal and correction of the mutilated estimate was lawful. [State ex rel. v. Phipps, 148 Mo. l. c. 36, 37.] It is clear that the Legislature committed to the school board the duty to make the estimates for the year, and that the board kept its estimate well within the lawful limits of the levy constitutionally authorized by the voters. The courts are not expressly given authority to revise the estimates of the board, and will not arrogate to themselves such power merely because it may be thought the levy recommended will raise a sum in excess of the needs of the fund for which the levy is made, nor yet because there may be some evidence tending to show an intent to divert the money, after its collection, to another purpose, since this can be dealt with when such attempt at diversion is made. [C., C. C. & St. L. Ry. Co. v. People, 208 Ill. l. c. 11, 12, and cases cited; 1 High on Injunctions (4 Ed.) sec. 544, pp. 517, 518, 519.] The power given the board is "highly discretionary" and legislative in nature.

Respondent advances other reasons in support of the trial court's action, but what has been said disposes of the case. The judgment is affirmed. All concur.