Dear Mr. Million:
This will acknowledge receipt of your request for an opinion in which you ask concerning the County Court of Butler County, a third class county, as follows:
 "If, in the course of carrying out his official duties, a county sheriff is sued on his bond and incurs financial liability to the bonding company as the result of a judgment rendered against him in a lawsuit, can the County Court expend public funds to reimburse the bonding company when the County Court has paid the premium for the bond and has procured the bond? May the County Court be required to expend said funds for said expenses?"
It is well established in this state that county courts are not general agents of the county, but are courts of limited jurisdiction, and outside of the management of fiscal affairs of the county, they possess only such authority as may be prescribed by statute. In Lancaster v. County of Atchison, 180 S.W.2d 706, 708,352 Mo. 1039 (banc 1934), the court said:
 "`The county courts are not the general agents of the counties or of the state. Their powers are limited and defined by law. These statutes constitute their warrant of attorney. Whenever they step outside of and beyond this statutory authority their acts are void.' Sturgeon v. Hampton, 88 Mo. 203, loc. cit. 213. Quoted with approval in the case of Morris et al. v. Karr et al., 342 Mo. 179, 114 S.W.2d 962, loc. cit. 964."
See also State ex rel. Chadwick Consolidated School Districtv. Jackson, 84 S.W.2d 988, 229 Mo.App. 842 (Spr. 1935), and Stateex rel. Moser v. Montgomery, 186 S.W.2d 553 (K.C.Ct.App. 1945).
Also, the courts in this state have unanimously held that public officers are only entitled to such fees and compensation for performing official duties as may be provided by statute. InNodaway County v. Kidder, 129 S.W.2d 857, 860, 344 Mo. 795 (1939), the court, in so holding stated:
 "The general rule is that the rendition of services by a public officer is deemed to be gratuitous, unless a compensation therefor is provided by statute. . . .
 "It is well established that a public officer claiming compensation for official duties performed must point out the statute authorizing such payment. State ex rel. Buder v. Hackmann, 305 Mo. 342, 265 S.W. 532, 534; State ex rel. Linn county v. Adams, 172 Mo. 1, 7, 72 S.W. 655; Williams v. Chariton County, 85 Mo. 645."
Also see, Ward v. Christian County, 111 S.W.2d 182,341 Mo. 1115 (1937).
Furthermore, there is a specific constitutional inhibition against county courts appropriating public funds to any individual or for private purposes. Section 23, Article VI, Constitution of Missouri, reads:
 "No county, city or other political corporation or subdivision of the state shall own or subscribe for stock in any corporation or association, or lend its credit or grant public money or thing of value to or in aid of any corporation, association or individual, except as provided in this Constitution."
Section 25, Article VI, Constitution of Missouri, reads:
 "No county, city or other political corporation or subdivision of the state shall be authorized to lend its credit or grant public money or property to any private individual, association or corporation except as provided in Article VI, Section 23(a) and except that the general assembly may authorize any county, city or other political corporation or subdivision to provide for the retirement or pensioning of its officers and employees and the widows and children of deceased officers and employees and may also authorize payments from any public funds into a fund or funds for paying benefits upon retirement, disability or death to persons employed and paid out of any public fund for educational services and to their beneficiaries or estates; and except, also, that any county of the first class is authorized to provide for the creation and establishment of death benefits, pension and retirement plans for all its salaried employees, and the widows and minor children of such deceased employees."
In Hooper v. Ely, 46 Mo. 505 (1870), the court, in discussing an attempted payment by the county court to sureties who expended money to bring back a sheriff and collector who had defaulted and absconded from the county, stated:
 "The County Court, it is true, is authorized to audit and direct the payment of claims against the county; but they must be lawful claims. To allow any other, clearly transcends its powers, and its payment can be enjoined. The power to control and manage the real and personal property of the county must, it is true, involve the possession of a large discretion in such control and management. The exercise of that discretion may be wise or unwise, expenditures may be prudent or extravagant, yet so long as the court keeps within its authority, the warrants upon the treasury which it orders must be met. The Circuit Court can not control the exercise of a discretion vested by law in the county judges; and if, as in the case at bar, they are authorized to employ and pay sureties upon the official bonds of public officers, to bring back their absconding principals, or possess any general authority that would include that power, the particular mode of its exercise can not be questioned. But I am unable to see under what heads such a grant of power can be classed. . . .
* * *
 "The whole record plainly shows that the allowance was a mere contrivance to lessen the liability of the bondsmen, and, as the County Court could not abate it directly, this indirection does not validate their action." Id. at 507-508.
We conclude that the county court has no authority to reimburse a surety for money expended in payment of a judgment against the sheriff of a county.
CONCLUSION
It is the opinion of this office that a county court, of a third class county, may not expend public funds to reimburse a bonding company for payments made on a sheriff's official bond.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Kristie Green.
Very truly yours,
 JOHN ASHCROFT Attorney General