THE STATE ex rel. ROBERT F. KLEINSCHMIDT,
Prosecuting Attorney, v. W. A. JONES, Appellant.

Division One, March 1, 1919.

1. **PUBLIC NUISANCE:** Injunction: Crimes. A court of equity can prevent the maintenance of a public nuisance, although some of the acts composing its creation and maintenance may be crimes and punishable as such.

2. ———: ———: Sale of Liquor. The sale of liquor in violation of law is a crime, but equity will not enjoin its sale on that ground alone, but when the unlawful sale of liquor is made at such places

and under such circumstances as to make its sale and the place a public nuisance equity will abate the nuisance. Mere sale of liquor at retail by a wholesale licensee does not constitute a public nuisance.

3. ———: ———: ———: **Disorders Along Public Road.** The fact that persons, men and women, who bought liquor at the place of business of a licensed wholesale liquor dealer, which was in a county in which the Local Option Law had not been adopted and which was conducted in an orderly way, except perhaps in the sale of liquor at retail, made loud noises and used profane language and were guilty of other disorderly conduct, on the public highway and along the roadside a mile or more from said place, did not constitute the place a public nuisance. If it itself was conducted in an orderly way, disorderly and drunken conduct committed some distance away in a "dry" county did not make it a public nuisance.

Appeal from Jefferson Circuit Court.—*Hon. E. M. Dearing,* Judge.

REVERSED AND REMANDED (*with directions.*)

*Clyde Williams* and *H. B. Irwin* for appellant.

(1) Every offense mentioned in relator's petition for an injunction was an ordinary crime—not a public nuisance. Hence the court of equity is without jurisdiction to afford relief. Ex parte Laymaster, 260 Mo. 613. (2) The circuit court, on petition of prosecuting attorney, was without jurisdiction to grant temporary injunction until plaintiff gave bond. State ex rel. v. Williams, 221 Mo. 227; R. S. 1909, sec. 2522; Akin v. Rice, 137 Mo. App. 147. (3) There is no proof that defendant had knowledge of any of the offenses complained of in plaintiff's petition, hence he cannot be held responsible. State ex rel. v. Brewing Co., 270 Mo. 100. (4) There is no evidence in this case that defendant's place of business was either a private or public nuisance. (5) Injunction cannot be invoked until defendant has been indicted or informed against, tried and convicted. State ex rel. v. Dearing, 253 Mo. 604; State ex rel. v. Wilson, 30 Kan. 661. (6) De-

fendant cannot be held responsible for the individual acts of persons alleged to be his patrons away from his place of business, and of which acts he had no knowledge. State ex rel. v. Moffett, 194 Mo. App. 286.

*Robert E. Kleinschmidt,* Prosecuting Attorney, and *Albert Miller* for respondent.

(1) The petition alleges and the evidence shows a public nuisance, which a court of equity may enjoin. State ex rel. v. Lamb, 237 Mo. 437; State ex rel. v. Canty, 207 Mo. 439; State ex rel. v. Crawford, 28 Kan. 726; Haggart v. Stehlin, 35 N. E. (Ind.) 1997; Jones v. State, 132 Okla. 319; 29 Cyc. 1180; Note to 15 L. R. A. (N. S.) 748; 258 Ill. 69. (2) A court of equity has authority to issue a temporary injunction without bond, to enjoin a public nuisance, upon the filing by the prosecuting attorney, in the name of the State, proceeding *ex officio,* of a bill setting forth such nuisance and charging its maintenance by defendants. R. S. 1909, secs. 1007, 2522; Fourth Pomeroy's Eq. Jur. (3 Ed.) sec. 1349; State ex rel. v. Lamb, 237 Mo. 437. (3) The testimony shows that the appellant was personally present conducting the business and had knowledge of the acts and conduct alleged in respondent's petition and established by the proof in this case to be a public nuisance. (4) The testimony shows conclusively that intoxicating liquors in less quantities than three gallons were sold by appellant, and consumed upon premises under his direction and control, and that the place of business so conducted by appellant became the resort of dissolute and immoral persons, whose continuously disorderly conduct tended to the injury of the public morals, peace and welfare, all of which constituted a public nuisance. State ex rel. v. Lamb, 237 Mo. 437; State ex rel. v. Canty, 207 Mo. 439. (5) The petition charged and the proof establishes a public nuisance, and the writ of injunction should not be denied merely because the acts, or some of them, when committed, would be a crime, and injunction

should issue regardless of whether appellant has been informed against, tried and convicted. State ex rel. v. Canty, 207 Mo. 439; State ex rel. v. Lamb, 237 Mo. 437; Ex parte Laymaster, 260 Mo. 621; State ex rel. v. Woolfolk, 269 Mo. 395; State ex rel. Lyon v. City Club, 65 S. E. (S. C.) 730; State ex rel. v. Crawford, 28 Kan. 726, 42 Am. Rep. 182; Walker v. McNelly, 121 Ga. 114; Ex parte Roper, 34 S. W. (Texas) 334.

GRAVES, J.—Upon a division of opinion in the St. Louis Court ·of Appeals, this case was duly certified to this court in pursuance of constitutional provisions. By a sufficient petition, the prosecuting attorney of Jefferson County sought to enjoin the defendant from further running and maintaining a wholesale liquor house in a little place called Melzo in his county. Defendant was a licensed wholesale dealer in liquors under the Act of 1917, p. 318. The temporary injunction upon trial and hearing was made permanent, and defendant appealed to the St. Louis Court of Appeals, from whence the case comes here as above indicated.

Melzo seems to be a one man's place. It is located between the City of De Soto in Jefferson County, and Bonne Terre in St. Francois County. Its location is on a public road, about·midway between the two towns. Jefferson County is "wet" and St. Francois County is "dry," and Melzo is not far from the county line. Melzo seems to be made up of a store and post-office, both run by defendant, Jones, and this liquor house is likewise owned and run by Jones. The evidence would indicate that there was another wholesale house somewhere within the neighborhood, but not.-at Melzo.

The petition in this case states facts sufficient to show that the maintenance of this wholesale house constituted a public nuisance, although there are many allegations therein which only go to indicate the viola-

tion of criminal laws. Measured by the usual tests, the petition sufficiently charges the maintenance of a public nuisance.

The trouble with this case is the lack of evidence. There is evidence which shows that defendant sold liquor in less quantities than by the law and his license he was permitted to do. There is some slight evidence that there was, at the times indicated by a witness or two, some gambling of a minor nature. There is a little evidence of some loud talk and swearing in the place upon an occasion or two. Generally speaking the evidence shows Jones to be a reputable man, and no disorder in or about this liquor house. This comes from plaintiff's witness, who visited the post-office, about 100 yards from the liquor house.

The great bulk of the evidence in this record is to the effect that along the public road from Melzo to Bonne Terre, men and women passed by in automobiles, apparently in their "cups." There was a church and a school house something over a mile from, I believe a mile and a quarter, from Melzo, on the road to Bonne Terre, and these were disturbed by these passing travelers. In instances beer bottles were thrown over into the yards, and apparently drunken remarks made to men and women near the public roadside. None of this, however, was at or near defendant's place of business. All this was on the public road a mile or more from the house which the State asks to be condemned as a public nuisance. The details of this evidence as to the conduct of the travelers upon the public road, far from the defendant's place of business, noisome as it may be, is not a matter of moment under the vital portions of the petition in this case. The petition is loosely drawn, and contains many valueless statements of fact, but does contain a sufficient statement of facts as to the conduct of defendant's place to make such place a public nuisance. These material allegations are not proven by the witnesses. This sufficiently outlines the case.

State ex rel. Kleinschmidt v. Jones.

I. That a court of equity can prevent the maintenance of a public nuisance is thoroughly established in this State. [State ex rel. v. Canty, 207 Mo. 439; State ex rel. v. Lamb, 237 Mo. 437.] This is true although some of the acts going toward the creation and maintenance of the public nuisance may be acts in violation of the criminal code, and themselves punishable under the criminal law. My personal view of the law was thus expressed in the separate concurring opinion in Ex parte Laymaster, 260 Mo. l. c. 621:

Injunction: Sufficiency of Evidence.

"I adhere strictly to the rule announced in State ex rel. v. Canty, 207 Mo. 439, and State ex rel. v. Lamb, 237 Mo. 437. I do not understand those cases to say that a court of equity will enjoin a crime, but they do announce the doctrine that when a given state of facts shows a public nuisance, then, a court of equity will enjoin the doing of the acts which make up and constitute the public nuisance, although such acts or some of them may within themselves be crimes."

The sale of liquor in violation of law is a crime, but equity will not enjoin the sale. This will be left to the courts of law. But unlawful sales of liquor may be at such places and under such facts and circumstances, as to make the whole thing a public nuisance. It is then, and only then, that equity will intervene and abate the nuisance. But the evidence must show such surrounding circumstances and facts as will constitute the maintenance of the place of sale a public nuisance. Merely showing that there are violations of law in the sales, by selling less than the license to sell authorized, does not make a public nuisance. In the instant case there was no substantial evidence upon which a court of equity could say that, outside of sales of liquor in violation of law, the conduct of the place, or the persons frequenting the place, were of such character as to make the place a public nuisance. The record will be read in vain for such evidence.

That defendant conducted his place in as orderly manner as is usual for a liquor house to be conducted, is clear from this record. The character of his customers is not assailed further than they no doubt bought and drank liquor. The State licensed the defendant to make proper sales to just such persons, and without further showing than here made the State cannot enjoin in equity. Had the evidence shown some of the extravagant charges in the bill as to the conduct of the defendant's place of business, we would have a different case. But it does not.

II. We have indicated, and the record shows, that persons, both men and women, passed along this public highway, apparently under the influence of liquor. The witnesses who saw them did not know where they got their liquor. Nor is it very material so far as this case is concerned. It might be conceded that they bought of defendant, and the status of the case would not be changed.

Neighborhood Noises.

Defendant was licensed to sell and every traveler seen by the witnesses might have bought their liquor from him in quantities authorized by law. Defendant was not chargeable with the conduct of his customers after they left his place of business. If such customers stopped by the roadside and over-indulged their appetites, and thereby became boisterous as they further proceeded upon their journey, such facts do not make the licensed house of the sales a public nuisance.

In a case upon very similar facts, State ex rel. v. Moffett, 194 Mo. App. l. c. 290, TRIMBLE, J., aptly says:

"With regard to the charge that the house was located at the point in question in order to evade the Local Option Law in the three adjoining counties, the evidence shows that the defendant had a *legal* right to sell where he did. Courts cannot question the *motives* of a man when he does only that which the law gives him a right to do. Besides, there is no evidence of any evasion of the Local Option Law in the said counties. The only situation in that regard, presented

by the evidence, is that persons who live in dry terri-
tory and desired to buy beer in Benton County, which
was wet, could conveniently and legally buy it at de-
fendant's place of business and carry it to their homes
in the dry counties. However reprehensible this may
be and however desirable it is to remove such conven-
iences, a court of equity is not the place wherein that
situation can be remedied. If the defendant's business,
which has been licensed by the law, can be enjoined and
closed up in a court of equity because of the individual
acts of persons alleged to be patrons, committed away
from the place of business and at different times and
places, then a licensed saloon can be closed by in-
junction because some of its patrons afterwards commit
lawless acts under the influence of liquor purchased, ac-
cording to law, at the saloon. The jurisdiction of
equity does not extend that far.''

The chief complaint in that case is like the chief
complaint in this case. At page 289 Judge TRIMBLE
states what the evidence in that case tended to show,
thus:

''The basis of the complaint of those who testified
for the State seems to be, not that crowds of dis-
orderly or noisy persons congregated in and about
the place, disturbing the public peace and producing
conditions detrimental to the general welfare, but that
individuals on the public road between defendant's
place of business and the town of Windsor would, under
the influence of liquor, render themselves obnoxious by
loud and profane language, unseemly behavior, and
other disorderly conduct.''

The evidence in this record fails to show facts
which would authorize a court of equity to enjoin the
defendant from the maintenance of his place of business,
and the trial court should have dissolved the temporary
injunction. The judgment is reversed, and the cause
is remanded to the circuit court with directions to dis-
solve the injunction.

All concur; *Bond, J.,* in result.