STATE, EX REL. MAX G. TOWLE, APPELLEE, V. ABE EYEN, APPELLANT.

FILED FEBRUARY 14, 1936. No. 29469.

*John J. Ledwith* and *Herman Ginsburg,* for appellant.

*Max G. Towle* and *Farley Young, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and CHASE, District Judge.

CHASE, District Judge.

This is a suit in equity brought by the state of Nebraska on the relation of the county attorney of Lancaster county to enjoin the maintenance of an alleged nuisance. The petition avers that the defendant is operating a business under the name of Abe's Beer Tavern Café in the incorporated village of West Lincoln, Lancaster county, Nebraska. The petition further states that the business conducted by the defendant is a nuisance, in that it occasions noxious exhalations, noisome and offensive smells, is injurious and dangerous to the health, comfort and morals of the citizens of said county, and that the property of persons living in the vicinity is decreased and rendered valueless thereby. A trial was had upon the issues, resulting in a finding against the defendant perpetually enjoining him from conducting such business. From the decree of the trial court the defendant has appealed to this court.

Several assignments of error are urged for reversal. The consideration of two propositions will successfully dispose of all the questions raised. Therefore, our inquiry will be

confined to a discussion of the following propositions: First, is the evidence sufficient to warrant the trial court in finding the business to be a nuisance? Second, did the trial court extend its injunctive powers beyond the necessities of the case?

We deem it unnecessary to set forth the evidence in de-. tail. A number of witnesses testified as to the character. of the place; that on numerous occasions they had seen and heard various acts of misconduct committed by the patrons of the defendant at and near his place of business; that the. patrons would often become intoxicated, noisy, profane, and vulgar, and this conduct was carried on nearly every night by people congregating at the defendant's place of business,. and was worse between the hours of 12 o'clock midnight and 4 o'clock in the morning. From a careful examination of the whole record, we are convinced that the defendant's place of business became a trysting place for people of both sexes of vulgar, dissolute, obscene and roistering habits, that they trespassed upon the property of persons living near-by, and that these repeated nocturnal orgies were destructive to the peace, morals, good order and comfort of the entire community. There is also evidence that alcoholic liquors were used and dispensed upon the premises in violation of law; while the evidence does not show that the de-. fendant himself ever engaged in any boisterousness or ever. sold any intoxicating liquors. From an examination of the entire record, we are driven to the conclusion that the evidence is amply sufficient to support the findings of the trial court that the place of business operated by the defendant constituted a nuisance.

The next question which confronts us is whether the court extended its injunctive powers beyond the necessities of the case. In its decree it enjoined the defendant from conducting a beer tavern or any other business of a like nature upon the premises. It is against this provision of the decree that the defendant launches his main attack. His contention is that the court went far beyond the necessities of the case in enjoining the operation of his business

or any other of a like nature on the premises. The evidence shows that the defendant was the recipient of a license emanating from proper authorities to vend the beverage known as beer, with an alcoholic content not less than 3.2 per cent. by volume. Under such circumstances the mere operation of a beer tavern and dance hall would not amount to a nuisance *per se,* hence the court must go further and inquire into the manner and results of such operation.

The defendant cites a number of cases in which the courts have held that the restraint should not be exercised beyond the necessities of the particular case. *Stuhr v. City of Grand Island,* 120 Neb. 491, 233 N. W. 886. The cases cited by the defendant and upon which he relies for reversal show they are directed against acts wholly within the control of the party enjoined, such as the keeping and feeding of live stock in a certain locality, manufacturing asphalt, the keeping and feeding of poultry in a prohibited area, disposing of sewage into an open ditch, which are, in their very nature, acts of commission. In those cases the court directed its injunctive powers against a repetition of such acts, and the defendant contends that if the court entered an injunction in this case it should only have enjoined the acts which constituted the nuisance, rather than enjoining the operation of the business itself. The instant case presents a problem of an entirely different character from the ones above mentioned. The unlawful conduct of the defendant is not based upon acts of commission, but acts of omission in not properly controlling the behavior of persons and patrons while at his place of business. The injury does not result from the defendant's misfeasance, but from his nonfeasance. When we consider the character and propensities of the persons who congregated at the defendant's place, as shown by the evidence, we are convinced that, however hard the defendant may have tried to do so, it was beyond his power to control their conduct and behavior.

The law hedges about the ownership of property with certain restraints and liabilities. It is a well-settled rule

that the owner of property will not be permitted to use the same in such a manner that will unnecessarily injure another. *Patterson v. Kentucky*, 97 U. S. 501, 24 L. Ed. 1115; *Munn v. Illinois*, 94 U. S. 113, 24 L. Ed. 77.

If the powers of the court in cases such as this are required to be limited to such an extent as to enjoin only the appellant from allowing misbehavior, vulgarity and profanity in and about his place of business, such a limitation would have the effect of rendering the exercise of such powers useless to prevent the mischief that was the cause of the injury. In a situation as shown by this record, if the evidence so justifies, the court may enjoin the operation of the business so as to prevent the injury and damage to the community committed by persons whose conduct and behavior are beyond the control of the appellant.

In the granting of the injunction complained of, the trial court did not extend its powers beyond the necessities of the case. The evidence is amply sufficient to support the findings and the decree is a proper one and is therefore

AFFIRMED.