**STATE ex rel. DAVENPORT, Pros. Atty.**

v.

**HENRY et al.**

No. 7268.

Springfield Court of Appeals.

Missouri.

April 14, 1954.

E. C. Hamlin, Springfield, for appellants.

Bill Davenport, Ozark, for respondent.

BLAIR, Judge.

This is an action for injunction of an alleged nuisance, in the name of the State of Missouri, by the Prosecuting Attorney of Christian County. The respondent will be referred to as plaintiff and appellants as defendants.

Defendants Francis Henry and Florence Henry, his wife, and their son Earl Henry and Bertie Henry, his wife, were charged to have maintained a public nuisance in said county. They are alleged to be the owners of a cafe or tavern in Section 30, Township 26, Range 2, in Christian County, more accurately described later in this opinion.

The petition was filed June 16, 1953, and, among other things, alleged that defendants have maintained on said premises a place where so-called nonintoxicating beer was sold, and where whiskey and other intoxicants have been consumed with such nonintoxicating beer and that many persons of immoral and dangerous character frequented such place and indulged in cursing, blackguarding and loud and indecent language, and were guilty of fighting on such premises, to the disturbance of people living in that neighborhood and those passing by such premises on Highway 65 and 123, without any restraint by defendants, and that defendants even participated in such indecencies.

The petition charged that defendants used the cabins adjoining such premises for purposes of adultery, fornication and prostitution. But the trial court did not find proof of such use of the premises. Therefore, the claim as to such use dropped out of the case. Among other things, the petition alleged that the peace and general health of the public were seriously affected by such use of the premises, and that such usage by defendants constituted a public nuisance.

The trial court was urged not only to abolish such nuisance, but to enjoin the defendants from using said premises in the manner charged in the petition. Such petition urged that the buildings so described should be "enjoined from further use by the defendants or any other person" as a public house of any kind or character.

To plaintiff's petition defendants first filed a motion to strike, and, when that motion was overruled, defendants filed a motion to dismiss the case. Both of such motions being overruled, on July 7, 1953, defendants filed their answer. The trial of the case began on August 3, 1953.

At the conclusion of the testimony, Judge Crain did not find that the cabins adjoining defendants' cafe were used for immoral purposes, and that allegation will not be further noticed. On very much controverted testimony, the trial court found that defendants maintained on said premises a place where intoxicating liquors were sold and that so-called nonintoxicating liquors were there consumed after being mixed with intoxicating liquors, and that defendants permitted a large number of immoral and dangerous persons to congregate at and around defendants' premises, and that defendants permitted such persons to indulge in cursing, profanity and blackguarding, and that defendants permitted quarreling and fighting to take place on said premises around said tavern and cafe, and that such acts constituted defendants and their said cafe and tavern a public nuisance.

■ Many of plaintiff's witnesses lived at or near the tavern or cafe operated by defendants. Witnesses for defendants testified to the contrary. It was the privilege and duty of the trial court to pass upon the credibility of the various witnesses and the weight to be given to their testimony.

The judgment is very long and found defendants guilty of many of the misdeeds which were alleged in the petition, with the exception above noted. After unsuccessful motions for new trial, the case came to this Court on defendants' appeal.

We see no reason to disturb the judgment of the trial court. A fierce attack is made on such judgment, because that judgment ordered the sheriff of Christian County to padlock the tavern for two months. In their motion for a new trial, defendants urged a reversal of the judgment, "Because the Court acted without authority of the law in padlocking the tavern building and enjoining the defendants from using the building for business of any kind or character."

Defendants raised practically the same point in their brief in this Court, when they said, "Under the pleadings, the law and the evidence the Court erred in giving judgment for the plaintiff and perpetually enjoining and restraining the defendants from the use of the premises for purposes of carrying on a lawful business."

The trial judge in a nuisance case, like this, has the right to close the premises which enabled defendants to carry on many of the misdeeds shown by the evidence. That action is not entirely free from doubt.

In 66 C.J.S., Nuisances, § 130, p. 934, we find the following:

"In exercising their power to abate nuisances, the courts do not order the destruction of property if it is practicable otherwise to remove the nuisance. Where the nuisance consists in the use of a structure which is lawful and not of itself a nuisance, the relief should be by enjoining such use, and not by the destruction of the structure."

■ Diligent search of the Missouri decisions has not disclosed to us a declaration of our appellate courts on the subject. If ever premises were a part of a public nuisance, it was in this case. The tavern or cafe was used for the sale of intoxicating liquor. Immoral men congregated there. Their cursing and profanity disturbed others. They indulged in quarreling and fighting in and around said cafe. None of these things could have been successfully carried on without the use of the cafe and tavern of defendants. Under the circumstances shown in this case, the trial court was justified in making its order closing the tavern and cafe for two months.

Counsel for appellants apparently felt that, unless the various immoralities were indulged in when the suit was filed, that the question is merely "moot." We regard

that question as unworthy of serious consideration.

For months and months what has been going on at the tavern and cafe disturbed the peace of the decent residents of the neighborhood and shocked passersby on the adjacent highways. Defendants cite Section 311.740 RSMo 1949, V.A.M.S., on the contention that the State failed to show that intoxicating liquors were shown to have been sold by defendants at their said premises, when the petition was filed. The trial court did not so find. That section of the statute has no controlling force, unless it justified the trial court in padlocking the tavern and cafe.

With the contention in mind that the State failed to show the sale of intoxicating liquor at their said tavern and cafe, when the petition was filed, defendants have cited several cases. In the case of State ex rel. Hamlin v. Fields, Mo.App., 269 S.W. 927, the defendant was charged with maintaining a public nuisance in Hannibal. The State there failed to prove such a sale and no case of maintaining a nuisance was made. The same is true of State ex rel. Alton v. Salley, Mo.Sup., 215 S.W. 241. There the Missouri Supreme Court held that hearsay testimony of an alleged sale of intoxicating liquor did not justify the granting of an injunction to prevent a nuisance. In State ex rel. Alton v. Moffett, 194 Mo. App. 286, 188 S.W. 930, the Kansas City Court of Appeals held that an injunction to prevent a common nuisance was not sufficiently proven by evidence, merely by the charge of violation of the liquor laws in the pleadings.

In State ex rel. Kleinschmidt v. Jones, 277 Mo. 71, 209 S.W. 876, the Missouri Supreme Court held that the illegal sale of intoxicating liquors did not make the defendant therein guilty of maintaining a common nuisance.

So the cases cited by defendants did not convict the trial court of error in granting an injunction and do not convince this Court that the petition does not allege and

the proof does not show a situation which occurred only on the date the petition was filed, or for a long time before that.

The judgment is affirmed. It is so ordered.

McDOWELL, P. J., and STONE, J., concur in result.