BOARD OF POLICE COMM'RS OF THE CITY OF WARWICK *vs.*

CHARLES F. REYNOLDS, *Liquor Control Adm'r.*

JULY 23, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is a petition for certiorari to review the action of the state liquor control administrator in ordering the board of police commissioners of the city of Warwick to issue a class A liquor license to Charles C. Piantadosi. We issued the writ and thereupon the administrator made

due return of his records pertaining to such action for our inspection.

It appears from the return that Piantadosi, hereinafter referred to as the applicant, applied to the board for a class A liquor license and his application was duly advertised according to law. Thereafter the board apparently did not consider the application but merely filed it along with a large number of other similar applications. Finally after repeated attempts on his part to get the board to act on his application the applicant filed a petition in the superior court for a writ of mandamus to compel the board to take action. As a result of that proceeding the board met and denied the application apparently on the ground that there was a sufficient number of class A licenses in the city and therefore no more would be issued.

The applicant thereupon appealed to the administrator pursuant to general laws 1938, chapter 164, §9. At the hearing before the administrator two members of the board testified that, upon consideration of the application, the board concluded there were sufficient class A licenses in the city at the present time and therefore there was no other alternative but to deny it. However, neither member testified that any formal action was taken by the board definitely fixing the maximum number of class A licenses. They apparently felt that the reason they gave for denying the application was tantamount to adopting a rule or regulation to that effect pursuant to the authority vested in them by the provisions of public laws 1941, chap. 1038, sec. 3.

On the basis of their testimony the administrator concluded that the board had made no formal determination of record of the maximum number of class A licenses; that they were holding in abeyance any action on the other pending applications, which led him to conclude that the reason they gave for denying a license to the applicant would not be applied generally; and that the possibility of issuing such licenses was still open. The administrator points out

in his brief that one member of the board indicated that the reason for denying the application was the issuance of the mandamus to the board. On the basis of the evidence and the inferences he drew therefrom the administrator concluded that the board had not fixed a maximum number of class A licenses in accordance with the reasonable intendment of P. L. 1941, chap. 1038, sec. 3. He therefore ordered that the application be granted, there being no other reason advanced by the board in support of their denial thereof.

The board contend that such order is null and void because the issuance of another class A liquor license would exceed the maximum number fixed by them. They claim that the reason which they gave in their decision denying the application was in law and fact a fixing by them of the maximum number of class A liquor licenses in the city of Warwick. On the basis of that claim they argue that the administrator's order violates the provisions of P. L. 1941, chap. 1038, sec. 3, which expressly provides that the maximum number of any class of license fixed by a local licensing board shall not be exceeded. Hence, they ask us to quash the administrator's order as one beyond his power and therefore without jurisdiction.

The administrator on his part moved to quash the writ of certiorari on the ground that the board was not a party in interest or aggrieved by his decision and therefore was without legal standing to ask this court to issue certiorari to review such decision. We ordered the motion assigned for hearing on the same day as the hearing on the merits. They were thereafter briefed and argued together.

In support of his motion to quash, the administrator contends that after a local board denies an application for a liquor license and later, on an appeal from such denial, the administrator reverses the board, they are not thereby aggrieved. In such a case he claims that the board exercise quasi judicial power and therefore have no interest in

whether their decision is upheld on appeal. For this position he relies principally upon *Bowles* v. *Dannin*, 62 R. I. 36.

On the other hand the board contend that in administering the liquor laws they are the representatives of the public in the city of Warwick and as such are interested in the correct interpretation and application of those laws. They argue that the people of Warwick will be aggrieved if their local board are compelled to issue a liquor license by reason of an erroneous decision of the administrator in contravention of the local law. They also rely upon *Bowles* v. *Dannin, supra,* to justify their petition for certiorari. They quote the following language of the opinion in that case with reference to the qualifications of an appellant: "He must be a party aggrieved, either personally or *in an official capacity* as a representative of the public." (emphasis supplied by petitioners)

We do not agree with either party in the assumption which both make, namely, that the board act in a quasi judicial capacity when they deny an application for a liquor license. The granting or denying of such licenses is in no sense an exercise of the judicial process. On the contrary it is purely administrative. In performing that function the board act as agents of the legislature in the exercise of the police power. After all jurisdictional requirements of the statute are met, it is a matter of discretion whether or not they shall grant the license and this court has no control over their decision. That was the law governing local licensing boards before G. L. 1938, chap. 164, §9, was enacted. *Dexter* v. *Town Council,* 17 R. I. 222.

Chapter 164 altered the law by providing among other things that an applicant whose application was denied could appeal to the state alcoholic beverage commission. *Burton* v. *Lefebvre,* 72 R. I. 478. Prior to the passage of that act the discretion vested in the board was such that an applicant had no right to a personal hearing before the board in

advance of their consideration of his application. *Casala* v. *Dio,* 65 R. I. 96. Under the existing law the liquor control administrator, who is now vested with the authority formerly exercised by the alcoholic beverage commission, may on the applicant's appeal hear the case *de novo* and has been termed by this court a superlicensing board. *Baginski* v. *Alcoholic Beverage Comm'n,* 62 R. I. 176; *Kaskela* v. *Daneker,* 76 R. I. 405; *Messier* v. *Daneker,* 81 R. I. 243. In other words he is vested with the same broad discretion to grant or deny licenses that the local board had under the old law. This is true to such an extent that we have held that the alcoholic beverage commission's finding of suitability or unsuitability of an applicant as a licensee was final and could not be reviewed by this court. *Marsh* v. *Alcoholic Beverage Comm'n,* 54 R. I. 57.

Under the old law there was no appeal from the local board's decision on the facts and under chap. 164 there is none from the administrator's decision. However, this court may in its discretion grant a review by certiorari on the petition of a party in interest who is aggrieved by such decision. The review thus allowed, however, is strictly confined to questions of law. *Burton* v. *Lefebvre, supra.* Is there, therefore, a question of law in the case at bar? We think there is. That question is whether on the record before him the administrator, by his order directing the board to grant the applicant a license, thereby exceeded the number of class A licenses lawfully allowed in the city of Warwick. The next question is may the board in this special instance be deemed a party in interest to raise that issue for our determination?

We have heretofore allowed a local board to petition for certiorari to review a decision of the administrator where the board alleged in substance that he had exceeded his jurisdiction by unlawfully invading theirs. *Romano* v. *Daneker,* 78 R. I. 79; *Board of License Comm'rs* v. *Daneker,* 78 R. I. 101. In each of those cases we issued the writ of cer-

tiorari because the allegations in the petition raised important questions affecting the local administration of the liquor control law. The petition in the instant case raises a like question. In neither of the cited cases did the administrator make the claim which he is making here under his motion to quash. Hence, in those cases we had no occasion to consider an adversary contention that the board was not a proper party to be allowed to petition for certiorari.

In the circumstances of this case as in the cited cases we are of the opinion that the writ should not be quashed on the grounds alleged in the motion. The board in our opinion are not in a position comparable to that of the probate judge who sought to appeal in *Bowles* v. *Dannin, supra*. On the contrary we think that at least on such a narrow question as is raised in their petition they may very well be considered as representing the people of Warwick who have a real interest in preventing the administrator from exercising power in granting liquor licenses beyond the maximum number which has been fixed by their local law. However, whether such law did actually fix a maximum that the granting of the instant application would have exceeded was a matter which in this proceeding the board had the burden to show by the record certified here by the administrator.

We find nothing in the record which indicates that the board ever voted formally to fix the maximum number of class A liquor licenses in accordance with the authority conferred upon them by G. L. 1938, chap. 164, §10, as amended by P. L. 1941, chap. 1038, sec. 3. We agree with the administrator's contention that the board's statement of their belief that there were a sufficient number of those licenses already issued does not amount in law to a formal fixing of the maximum number of such licenses. If a local board desire to avail themselves of that authority they should do so by adopting a rule or regulation. See *Beachwood Inc.* v. *Liquor Control Adm'r*, 84 R. I. 130, 122 A.2d 142. In the

absence of such a rule or regulation the administrator did not exceed his jurisdiction by ordering the board to grant the application.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records which have been certified to this court are ordered returned to the respondent with our decision endorsed thereon.

*Ralph T. Lewis, Jr.,* City Solicitor, for petitioner.

*William E. Powers,* Atty. Gen., *Frank O. Lind, Jr.,* Special Counsel, for respondent.