STATE OF NEBRASKA EX REL. THEODORE L. CARLSON. SPECIAL DEPUTY ATTORNEY FOR DOUGLAS COUNTY, NEBRASKA, APPELLANT, V. EDWARD HATFIELD ET AL., APPELLEES.

158 N. W. 2d 612

Filed May 3, 1968. No. 36838.

James E. Fellows and George S. Selders, Jr., for appellant.

Paul E. Watts, for appellees.

Heard before White, C. J., Carter, Spencer, Boslaugh, Smith, McCown, and Newton, JJ.

Boslaugh, J.

This is an action in equity to abate a public nuisance. The relator is an assistant city prosecutor of the city of Omaha and a special deputy county attorney of Douglas County, Nebraska. The defendant Hatfield is the owner of the property. The defendant Johnson is a lessee and in possession of the property. The trial court dismissed the action and the relator has appealed.

The evidence shows that the defendant Johnson has operated a cafe, known as the Seventh Ward Improvement Club, at 2923 Q Street in Omaha, Nebraska, for about 2½ or 3 years. The location is in an industrial area with a high incidence of crime. The area was characterized by the defendants' attorney as one in which "you take your life in your hands" if entered after dark.

The cafe opens at about 7:30 p.m. or later and stays open until late the following morning. It is a gathering place for hoodlums, prostitutes, gamblers, and other disorderly persons and is a constant source of trouble for the police. The cafe is checked nightly by the vice squad, and numerous arrests have been made. The record includes evidence of some 40 convictions resulting from arrests made at the premises over a period of about 16

months. The defendant Johnson was convicted of keeping a disorderly house on three occasions.

The lieutenant in charge of the vice detail testified that 2923 Q Street is their "biggest problem" in South Omaha. The night sergeant assigned to the vice detail testified that the Seventh Ward Improvement Club is the most troublesome spot in the South Omaha area. This evidence was corroborated generally by the testimony of the other police officers.

The evidence establishes that the cafe operated by the defendant Johnson is a public nuisance. There is evidence that the defendant Johnson has attempted to maintain order in his establishment and has cooperated with the police, but these efforts have not been successful. As stated in State ex rel. Towle v. Eyen, 130 Neb. 416, 264 N. W. 901: "When we consider the character and propensities of the persons who congregated at the defendant's place, as shown by the evidence, we are convinced that, however hard the defendant may have tried to do so, it was beyond his power to control their conduct and behavior."

The judgment of the district court is reversed and the cause remanded with directions to enter a judgment in favor of the relator. We do not at this time determine the extent of the relief to be granted, but leave that to the sound discretion of the district court.

The jurisdiction of an equity court to abate a public nuisance exists independent of statute; and it is within the power of the court to do whatever is reasonably necessary to abate the nuisance. State ex rel. Wilcox v. Ryder, 126 Minn. 95, 147 N. W. 953, 5 A. L. R. 1449; State ex rel. Haugan v. Denis, 40 S. D. 219, 167 N. W. 151: State ex rel. Davenport v. Henry (Mo. App.), 270 S. W. 2d 88. This includes the power to enjoin the use of the premises for any purpose for a reasonable period of time.

REVERSED AND REMANDED WITH DIRECTIONS.