STATE of Missouri at the relation of William A. SCHNEIDER, Individually and on behalf of himself and all other qualified voters of the City of Town and Country, Missouri and City of Town and Country, Missouri, a Municipal Corporation, Relators-Appellants,

v.

Robert G. STEWART, Acting Supervisor of Liquor Control of the State of Missouri, Respondent,

and

Malvern, Inc., a Missouri Corporation, Intervenor-Respondent.

No. KCD 29932.

Missouri Court of Appeals, Kansas City District.

Dec. 27, 1978.

Edward W. Sumner, Jr., Sumner, Hanlon, Sumner, Macdonald & Nouss, P. C., John J. Inkley, Jr., John E. Hilton, Clayton, for relators-appellants.

John D. Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Merle L. Silverstein, Steven J. Stogel, Richard S. Bender, Rosenblum, Goldenhersh, Silverstein & Zafft, St. Louis, for intervenor-respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SHANGLER, Presiding Judge.

The relators Schneider and City of Town and Country brought their common law writ of certiorari to contest the jurisdiction of respondent Acting Supervisor of Liquor Control Stewart to issue restaurant-bar licenses for the sale of liquor by the drink to Malvern, Inc. as a *Resort* under § 311.095. The writ issued and the respondent Stewart certified to the circuit court the records upon which the licenses issued. The respondent Stewart then moved to dismiss the proceedings for want of status by relators to challenge issuance of the licenses. The motion was taken under advisement and then rendered moot in the circuit court by the determination of the writ of certiorari on the merits. The grant of licenses to Malvern thus continues in effect. In the course of proceedings, Malvern sought and was granted intervention as a party and now responds to the appeal of relators Schneider and City.

On appeal the relators contend that the record before the Supervisor, as a matter of law, failed to prove that Malvern was a *Resort* within any of the definitions of § 311.095, RSMo Supp.1975,[1] and that the

---

1. To the extent relevant, § 311.095 provides: "*[R]esort* means any establishment having at least forty rooms for the overnight accommo- dation of transient guests, having a restaurant or similar facility on the premises at least sixty percent of the gross income of which is derived

determination by the court under the writ that the grant of licenses by the Supervisor was not unlawful, arbitrary or capricious or an abuse of discretion was error. If we assume that traditional certiorari was open to and employed by the relators,[2] we conclude nevertheless, that they were without interest to assert or, on objection, to continue the action. We determine also that, as to relator Schneider, the remedy by § 536.-150 of the Administrative Procedure and Review Act precludes access to common law certiorari [*LaFayette Federal Savings & Loan v. Koontz*, 516 S.W.2d 502, 504[1–3] (Mo.App.1974)] which does not issue in the presence of other adequate remedy. *State ex rel. Iba v. Mosman, supra*, 133 S.W. l.c. 41; 14 Am.Jur.2d § 16, Certiorari.

■ The petition for common law writ of certiorari was brought in three counts: Count I by Schneider as an individual and as owner of property within the City; Count II by Schneider on personal behalf and for the benefit of all other qualified voters of the City; Count III by the City of Town and Country to quell a public nuisance from the unlawful sale of liquor within in the municipality. The purport of Count II is that of a class action but the proceedings went to judgment without attempt by relator Schneider to prove the requirements of Rule 52.08(a) for a class action or by entry of order that the additional requirements of Rule 52.08(b) were met and that the action, thus, was maintainable. We deem Count II abandoned. *State ex rel. Niess v. Junkins*, 572 S.W.2d 468 (Mo.banc 1978).

■ The respondents Supervisor and Malvern iterate on appeal the substance of their motion to dismiss before the circuit court, that neither relator Schneider nor the City has sufficient interest in the grant of *Resort* licenses to accord status for judicial review of that agency decision. The relators contend that on principles of common law pleading to certiorari, as well as provisions of the Rules of Civil Procedure, a respondent who makes return to the command of the writ without complaint of want of capacity to sue makes appearance to the action on the merits and waives all

---

from the sale of prepared meals or food, or means a restaurant provided with special space and accommodations where, in consideration of payment, food, without lodging, is habitually furnished to travelers and customers . . ." etc.

**2.** The relators assert under a common law writ of certiorari. The writ issues to confine an inferior tribunal within the limits of a proper jurisdiction and to relieve a party from injury where there appears, as a matter of law from the record, that the inferior tribunal lacked, abused or was in excess of jurisdiction in the proceedings.. *State ex rel. St. Louis Union Trust Co. v. Neaf*, 346 Mo. 86, 139 S.W.2d 958, 963 et seq. [11–18] (1940). The writ takes the record as it comes and does not take account of the evidence which relates to the merits only. *State ex rel. Evans v. Broaddus*, 245 Mo. 123, 149 S.W. 473, 476[3] (banc 1912).

The Administrative Procedure and Review Act [Chapter 536], § 536.150 [present Rule 100.08], on the other hand, accords judicial review by original writ of certiorari of an administrative decision not subject to administrative review [noncontested cases] where the administrative decision determines the legal right, duty or privilege of any person. The function of this statutory writ, however, is not confined to questions of jurisdiction or errors on the face of the record not otherwise reached by appeal [*Iba v. Mosman*, 231 Mo. 474, 133 S.W. 38, 41 (banc 1910); *Neaf, supra*, n.2, 139 S.W.2d l.c. 963], but allows for evidence and determinations of fact towards adjudication of whether the administrative decision "in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion." In short, § 536.150 constitutes the certiorari court with the function of an administrative tribunal in a contested case which hears evidence, makes a record and enters a decision on the facts found [*State ex rel. Walmar Investment Company v. Mueller*, 512 S.W.2d 180, 182[1] (Mo.App.1974)]—a role extraneous to the common law writ of certiorari. *State ex rel. Police Retirement System of City of St. Louis v. Murphy*, 359 Mo. 854, 224 S.W.2d 68, 73[10–12] (banc 1949).

The judgment of the circuit court rendered in the form:

"[T]he Court finds that there is nothing in the record to indicate that this action on the part of the Acting Supervisor of Liquor Control was unlawful, arbitrary or capricious . . [or] that he has in any way abused the discretion granted him by law"

suggests review under § 536.150 of the Administrative Procedure and Review Act [Chapter 536] rather than by traditional certiorari and miscegenates the two procedures.

attendant irregularity. *State ex rel. Davidson v. Caldwell*, 310 Mo. 397, 276 S.W. 631 (1925). The practice at common law [which persists] requires a respondent summoned by certiorari either to make return as mandated or to move quashal of the writ *before* return. That derives from the function of the motion to dismiss as a demurrer which confesses all facts well pleaded and searches the record to determine whether the petitioner is entitled to the relief of the writ. *State ex rel. Modern Finance Company v. Bledsoe*, 426 S.W.2d 737, 740[5–8] (Mo.App. 1968). We need not confront the continued validity of such a common law form in the presence of a code of Rules of Procedure promulgated to secure "the just, speedy and inexpensive determination of every action" [Rule 41.03] because, whether intended as a pristine common law action [as the pleadings and arguments of the relators suggest] or as a method for judicial review of an administrative determination under § 536.-150 [as the judgment of the court and arguments of respondents suggest], the matter of standing does not relate to legal capacity to sue, a defense waived unless timely asserted [Rule 55.27(a)], but to the interest of an adversary in the subject of the suit as an antecedent to the right to relief. It is a matter, in a sense, jurisdictional in limine and so within the notice of a court, even on appeal, for dismissal. *Briss v. Consolidated Cabs*, 295 S.W.2d 391, 392[1, 2] (Mo.App. 1956).

■■■ The want of adversary interest in the subject matter in suit operates to deny status for judicial relief, not only against judicial action, but against administrative action as well. 2 Am.Jur.2d, Administrative Law, § 575. The question as to whether a particular person has status to contest the administrative action becomes one of law and depends upon an amalgram of considerations: the nature and extent of the interest of the person who asserts status, the character of the administrative action, the terms of statute which enable the agency action, among them. The determination, ultimately, rests on policy as well as law so that which consideration among the several shall predominate to allow or deny status

for judicial review depends upon the discerned legislative values. *State ex rel. Rouveyrol v. Donnelly*, 365 Mo. 686, 285 S.W.2d 669, 676[12–17] (banc 1956); *Bank of Belton v. State Banking Board*, 554 S.W.2d 451, 453[1], 456[4] (Mo.App.1977); *In re St. Joseph Lead Company*, 352 S.W.2d 656, 659[3] (Mo.1962).

■■■ The relator Schneider contends for status for judicial review by common law certiorari of the grants of *Resort* liquor licenses to Malvern. We have expressed conclusion that the proper remedy for that noncontested agency action was by the review provisions of § 536.150 of the Administrative Procedure and Review Act. We discuss the liminal question of status for judicial review because, whether by the method of statutory certiorari or the common law writ, the interest requisite for access to a court of review was in either case the same, and in either case absent.

■■■ The Liquor Control Law [Chapter 311, RSMo1969] vests the Supervisor with exclusive authority to determine whether an applicant for a license for sale of liquor at retail meets the qualifications of the statute. Section 311.210; *State ex rel. Floyd v. Philpot*, 364 Mo. 735, 266 S.W.2d 704, 710[4, 5] (banc 1956). The review provisions of that enactment [§ 311.-700] accord to "[a]ny party" aggrieved by the final decision of the Supervisor judicial review to the circuit court. It is clear that the method of review delineated by § 311.-700 is the only remedy available to a *licensee* for review of the agency decision and precludes access to § 536.150 or any other provision of the Administrative Procedure and Review Act. *Brogoto v. Wiggins*, 458 S.W.2d 317, 318[2, 3] (Mo.1970). It does not follow, however, as respondents contend, that a person not a party to the application for license, but otherwise aggrieved by the final order of the Supervisor, has no recourse to the courts for infringement of right.

■■■ The requirement of Article V, § 22 of the Constitution of Missouri for direct review by the courts of final orders of an

administrative agency[3] is made to depend upon whether the decision affects a private right, and not a private right of a *party*. The Administrative Procedure and Review Act, which furthers the constitutional purpose, accords review to "*any person . . . aggrieved* by a final decision in a contested case" [§ 536.100[4], emphasis added]—whether or not a party to the administrative proceedings [*State ex rel. Pruitt-Igoe District Community Corp. v. Burks,* 482 S.W.2d 75, 77[1] (Mo.App.1972); *In re St. Joseph Lead Company, supra,* l.c. 655] and for the review of a noncontested case [§ 536.150] also speaks in terms of *any person,* not *party*. These sections derive from the same constitutional authority and give effect to the single desideratum that *all* final administrative decisions which affect private rights shall be subject to direct review by the courts. *State ex rel. Leggett v. Jensen,* 318 S.W.2d 353, 357 (Mo.banc 1958).

 Questions remain whether relator Schneider has the nominal and substantive interests [cognate, in this consideration] to assert common law certiorari to review the grant of liquor licenses by the Supervisor to a third party. A stranger to the record subject to review by certiorari, although not a party in form, may have the writ if he was a party in substance. *State ex rel. Stewart v. Blair,* 357 Mo. 287, 208 S.W.2d 268, 272[1, 2] (Mo.banc 1948). The status of a relator for certiorari not a party to the original proceedings, therefore, depends upon an interest in the subject matter sought for review. A party in substance is one who has suffered injury to a substantial interest from a judicial determination—and, it is clear, the license function of the Supervisor of Liquor Control involves exercise of judicial discretion. *State ex rel. Collins v. Keirnan,* 240 Mo.App. 403, 207 S.W.2d 49, 53[4–11] (1947).

 The relator pleads only that the licenses to Malvern authorized by the Supervisor "ha[ve] caused said relator's residence to become depreciated in value and said relator has thereby sustained damage by such unauthorized action." That contention of injury—which rests on no proof other than the assertion—is not sufficient to constitute Schneider a party in substance to the license proceedings. The question is one of aggrievement, whether the administrative decision adversely affects an interest the law protects. *Hernreich v. Quinn,* 350 Mo. 770, 168 S.W.2d 1054, 1058[4]. The interest may be less than a legal wrong done, but the administrative decision must act directly on an interest of the person who claims status for review distinct from the effect on the general public. *Stickelber v. Board of Zoning Adjustment,* 442 S.W.2d 134, 137[2] (Mo.App.1969); Cooper, State Administrative Law, *supra,* pp. 535 et seq.

These principles, valid in the statement, are subject to variant considerations of policy, statute, administrative action, among others, which accord status for judicial review in one set of circumstances and withholds status in another. *State ex rel. Rouveyrol v. Donnelly, supra,* 285 S.W.2d l.c.

---

3. "All final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law . . . ." [This provision has been redesignated Article V, § 18 effective January 2, 1979].

4. The headnote to § 536.100 prepared by the revisor of statutes reads: *Party* aggrieved entitled to judicial review. The catchword *party* does not suit the subject matter of that section which, as enacted, entitles *any person* aggrieved by a final administrative decision to judicial review. The headnote of a statute is a mere convention, an indicium of statutory content as perceived by the revisor. It imports no legislative authority and does not affect construction of the statute. *Snow v. Hicks Bros. Chevrolet, Inc.,* 480 S.W.2d 97, 101[4–6] (Mo.App.1972).

The Missouri Administrative Procedure and Review Act derives from the model State Administrative Procedure Act which, in express terms accords and intends status for judicial review to any *person* aggrieved. Model State Administrative Procedure Act (1946) § 12(1); [Revised Model State Administrative Procedure Act (1961) § 15(a)]; *Stephen & Stephen Properties, Inc. v. State Tax Commission,* 499 S.W.2d 798, l.c. 804[8, 9] (Mo.); Davis, *Standing of a Public Official to Challenge Agency Decisions,* Ad.L.Rev., Vol. 16, p. 174 n.68 (1964); Cooper, State Administrative Law, p. 537 (1965).

676[12–17]. The provision of Article V, § 22 that *all* final decisions of any administrative officer which are judicial or quasi-judicial and affect private rights shall be subject to direct review of the courts and the enactment of the Administrative Procedure Act to that purpose for *any person aggrieved* manifest a fundamental policy to facilitate status for judicial review for injury from agency action. *In re St. Joseph Lead Company, supra,* l.c. 659[3–5]. These enablements, however are subject to the method of review provided by law [*Wood v. Wagner Electric Corporation,* 355 Mo. 670, 197 S.W.2d 647, 649 (banc 1946); § 536.100] which frequently delimit the class of persons entitled to judicial review and so incidentally define the substance of the interest protected.

A licensee under the Liquor Control Law has only those legal rights granted by the license—including review by the method of § 311.700 for a party to the proceedings aggrieved by a final order of the Supervisor.[5] That remedy for review is mandatory and excludes access by an applicant-licensee to the Administrative Procedure and Review Act. *Brogoto v. Wiggins, supra,* l.c. 318. The restrictive procedure which confines a party to review by § 311.700 is an expression of the public policy which places the liquor traffic under the ban of the police power because of the threat to the public morals the occupation poses. *State v. Parker Distilling Co.,* 236 Mo. 219, 139 S.W. 453, 461[3] (banc 1911); *Pinzino v. Supervisor of Liquor Control,* 334 S.W.2d 20, 27[6–8] (Mo.1960). It is, for these reasons, an enterprise set apart from others and subject to a comprehensive and strict code of regulation. Sections 311.010–311.-

880; *State ex rel. Hewlett v. Womach,* 355 Mo. 486, 196 S.W.2d 809, 812[2, 3] (banc 1946). A person who qualifies may apply to the Supervisor for a license to sell liquor [§ 311.090] which the Supervisor may, without hearing, grant or deny at a reasonable discretion. Section 311.060; *Kehr v. Garrett,* 512 S.W.2d 186, 191[4–7] (Mo.App. 1974). This scheme entrusts to the Supervisor the protection of the public interest [*State ex rel. Collins v. Keirnan, supra,* 207 S.W.2d l.c. 53] and excludes from judicial review all but a party aggrieved by the license decision. Section 311.700.

A person not a party to the license proceedings does not come under the regulation of the Liquor Control Law and so stands differently for review. A person not a party, aggrieved by the agency action, is not precluded by § 311.700 from access to the Administrative Procedure and Review Act. The relator Schneider, therefore, was entitled to the judicial review of § 536.150 upon demonstrated record that the grant of the licenses to Malvern directly affected an interest in a manner personal and distinct from injury to the public. The pleadings and proof by certiorari do not establish such an interest. The contention that the residence of relator Schneider was depreciated in value by the unauthorized grant of licenses by the Supervisor pleads an interest not direct, but quite remote, and an injury [so we assume] shared by all within the City. There lacks even pleading of such rudimentary facts as the locale of Malvern in relationship to the Schneider residence or how the activity of the licensee bears especially on the relator and the use of that property. We do not suggest such proof sufficient for

5. Other schemes for judicial review of agency action outside the Administrative Procedure and Review Act enlarge, rather than restrict, citizen access to the courts. For instance, an order by the Public Service Commission as to which telephone company competitor shall service an area may be reviewed under § 386.510 on the mere complaint of a customer or other local partisan interest even without proof of direct affect on any property right of the one who claims status for review. *State ex rel. Summers v. Public Service Commission of Missouri,* 366 S.W.2d 738, 741[1–5] (Mo.App.1963).

The entrenched principle that a private citizen must show injury distinct from that of the general public to show aggrievement [*May Department Stores Co. v. State Tax Commission,* 308 S.W.2d 748, 756[2, 3] (Mo.1958); *Everett v. County of Clinton,* 282 S.W.2d 30, 34[4] (Mo. 1955)] does not strictly apply to such a judicial review. More accurately, perhaps, the private and public interests in the agency decision coincide more nearly for an authoritative determination of such questions. Cooper, State Administrative Law, *supra,* p. 543.

the review status Schneider asserts, but only that the contention of interest for aggrievement is altogether speculative. In terms of the aggrievement requirement of the Administrative Procedure and Review Act, the relator was in the position of a member of the public without special interest to contest the authority of the Supervisor. In terms of common law certiorari, the relator was not a party in substance to the administrative proceedings and so without status for review by that writ. *Cooper v. Hunt,* 103 Mo.App. 9, 77 S.W. 483, 485 (1903).

There remains determination of Count III of the petition brought by the City of Town and Country as common law certiorari to contest the legality of the Supervisor grants of licenses to Malvern. The law has developed, perhaps anomalously, that the provisions of § 536.150 of the Administrative Procedure Act [Rule 100.08] for the judicial review of a noncontested case do not apply—in the absence of express statutory authority—to accord status to a political subdivision of the state [in this case, a school district] to dispute an underassessment of real property by a county board of equalization. *State ex rel. St. Francois County School District R–III v. Lalumondier,* 518 S.W.2d 638 (Mo.1975). The court noticed that Article V, § 22 speaks of review of administrative decisions which affect *private rights,* but that the claim of the school board subdivision was a contention of public right which came neither within the constitutional definition of *private right* nor that of *any person* entitled to judicial review of a noncontested case under § 536.-150. An apparent anomaly, however, allows a public body in interest status for judicial review of a contested case under §§ 536.100–536.140. *In re St. Joseph Lead Company, supra.* In that case a county was accorded status for judicial review of a State Tax Commission decision to reduce assessments on the rationale that the diminished revenue from the agency action would impair the public operations of the county should the administrative decision stand. The court reasoned [contradistinctively from *Lalumondier*] that the *private rights* of Article V, § 22 established a minimum standard of review and not a limitation on the legislative power to provide for the judicial review of public rights, so that the enactment of §§ 536.100–536.140 that *any person aggrieved* by agency decision in a contested case [without distinction between private and public right] has status for judicial review. *In re St. Joseph Lead Company, supra,* l.c. 659[3–5]. See Casenote, 40 M.L.R. 653 (1975).[6]

We apply the *Lalumondier* rule to deny status to the relator City for judicial review under § 536.150 of the noncontested Supervisor grants of licenses to Malvern and assume that the common law certiorari was the procedure open for review of these agency actions. We conclude, nevertheless, that the City was not a party in substance to the administrative proceedings and may not maintain the common law writ.

We acknowledge, as commentators suggest, that the special interest prerequisite to aggrievement, and so status for judicial review, subserves the notion of administrative finality whereby the actions of agencies, to whom the legislatures have confided the duty of government, shall be insulated from capricious attack. The rationale is expressed in F. Davis, *Standing of a Public Official to Challenge Agency Decisions, supra,* p. 165 (1964):

Whenever an administrative decision or ruling is formally challenged in the courts, both its authenticity and reliability are exposed to doubt, and the agency in question may be seriously hampered in the discharge of its business. When such challenges can be reduced by restricting the number and classes of persons who can make them, the administrative process enjoys greater freedom from harass-

---

**6.** In *Kansas City v. Reed,* 546 S.W.2d 727, 731[1–4] (Mo.App.1977) the rule in *Lalumondier* was applied by this court without discussion of *In re St. Joseph Lead Company* to deny the City of Kansas City status for judicial review of a decision of the Liquor Control Board of review of that city under Article V, § 22 and § 536.150.

ment. The imposition of a strict "standing" test to those who would seek to nullify or reverse administrative actions or decisions has the effect of limiting the number of persons who can petition for such relief. The requirement also reduces the number of quarters from which attacks may be launched. In this sense the "standing" requirement contributes to that stability of government and reliability of rulings which the doctrine of administrative finality was meant to advance.

The commentators agree that since administrative action affects the function of government as well as the affairs of persons, the public interest is best served by a procedure which allows a political unit or geographical subdivision of government [7] status to contest an agency decision which affects interests distinct from the body politic of the State at large. F. Davis, *Standing of a Public Official to Challenge Agency Decisions, supra,* pp. 173–4, 183–4; Cooper, State Administrative Law, *supra,* pp. 545 et seq.; K. Davis, Administrative Law Treatise, pp. 281 et seq. This is the sense of *In re St. Joseph Lead Company, supra,* and the intimation of *Hertz Corp. v. State Tax Commission,* 528 S.W.2d 952, 954[3] (Mo. banc 1975); see, also, *Town of Milford v. Commissioner of Motor Vehicles,* 139 Conn. 677, 96 A.2d 806, 808 (1953); *Jersey City v. Hague,* 18 N.J. 584, 115 A.2d 8 (1955).

Whether or not, in light of *St. Joseph Lead Company,* we must understand *Lalumondier* authoritatively to foreclose review by a subdivision of government from a noncontested order of an administrative body, remedy by traditional certiorari remains open to a party in substance to the decision.

The relator City contends for certiorari on assertions that the grant of licenses by the Supervisor was unlawful because Malvern was not a *Resort* within § 311.095 and so the sale of intoxicating drinks on those premises was a public nuisance subject to abatement within § 311.740 of the Liquor Control Law.

A city, to protect the health, safety and welfare of its citizens, has undoubted authority to quell a condition per se a public nuisance at the common law or declared so by statute. *Campbell v. City of Frontenac,* 527 S.W.2d 643, 645[3, 4] (Mo. App.1975); § 79.370, RSMo1969, Joyce on Nuisances § 379 (1910). In a case where premises are used in violation of the Liquor Control Law, § 311.750 expressly empowers a city to bring a action to enjoin the public nuisance. A proceeding to abate the unlawful manufacture or sale of intoxicating drinks under §§ 311.740 and 311.750, however, does not bring into issue the lawfulness of the administrative decision to grant a license, but that the premises operate without license altogether [*State v. Keiter,* 394 S.W.2d 399 (Mo.1965)] or with abuse of license. *State ex rel. Davenport v. Henry,* 270 S.W.2d 88 (Mo.App.1954). A license which issues under color of authority of the Supervisor for premises where the conduct of business poses no threat to the health, safety and welfare of the citizenry does not come under the ban of §§ 311.740 and 311.-750. McQuillin, Municipal Corporations, §§ 24.179 et seq.

A liquor license regularly issued by the Supervisor is not subject to collateral impeachment. *State ex rel. Collins v. Keirnan, supra,* 207 S.W.2d l.c. 53[4–11]. The pleading of the City, although in the guise of common law certiorari to review the administrative decision to grant licenses to Malvern, asserts substantively the abatement of a nuisance by reason of noncompliance with § 311.095 of the Liquor Control Law. This amounts to a collateral attack on the license, a function not allowed certiorari, and a proceeding otherwise discountenanced by our law. *State ex rel. Collins v. Keirnan, supra.* We do not doubt that a

7. The status recognized for a political or geographical unit of government is quite apart from any contended interest of a subordinate official to challenge the decision of a superior administrative board. The lack of status of such an official for judicial review in that capacity has been put to rest by *Kostman v. Pine Lawn Bank and Trust Company,* 540 S.W.2d 72 (Mo.banc 1976) and earlier decisions.

municipality has a unique interest, not shared by the populace of the state at large, to protect its citizens from dangers from the licentious use of premises for the manufacture or sale of intoxicating drinks—such to accord aggrievement for certiorari or other direct review of the administrative decision to license [8]—but the pleadings do not present such an interest. Nor, for that matter, do the pleadings assert facts of that certain threat of injury requisite for the injunction of a public nuisance under § 311.-740, the statute the certiorari pleads.

Count III fails to plead a justiciable controversy between the City and the decision of the Supervisor. The authority of a court in a common law certiorari review of administrative grant of liquor license is either to quash the writ or to quash the decision of the Supervisor. *State ex rel. Bruno v. Johnson,* 270 S.W.2d 99, 103[5] (Mo.App.1954). In this case, the circuit court issued the writ, heard the merits, found against the relator, but entered no order of quashal of the writ. The general decision to deny relief on the writ was proper; neither relator Schneider nor relator City pleaded an interest as a party in substance to the administrative proceedings, and so had not status for the common law writ.

Accordingly, the proceedings are remanded to the circuit court with directions to quash the writ of certiorari on all counts and as to all parties, and as modified, the judgment is affirmed.

All concur.

8. As, for instance, where the grant of a liquor license results in an excessive number of such establishments compatible with the public health, welfare and safety. *Board of Police Commissioners v. Reynolds,* 86 R.I. 172, 133 A.2d 737 (1957).